### LOWREY *v.* LOWREY.

LEWIS, J.    1.    On the trial of a habeas corpus case before the county court judge, brought by the wife against her husband for the custody of minor children, the judge has no jurisdiction over the subject of alimony or a support for the wife and the child awarded her; but where the parties

agree upon the custody of the children and the amount of such support, and the same is entered upon the minutes of the court, this simply has the effect of a settlement between the parties.

2. On the trial before the judge of the superior court of an application by the wife against the husband for temporary alimony and the custody of the minor children, ordinarily the judge should enforce a bona fide settlement entered into between the parties touching the subject-matter of the suit, provided there has been no change in the condition of matters since the settlement, and provided further the interests of the minors do not require any different disposition of their custody from that had under the settlement. If, however, it appears that the original contract of settlement between the parties has been violated and the evidence is in conflict as to who is responsible for its violation, and it appears that a second agreement was entered into, changing the first, with the understanding "that the proper proceedings would soon thereafter be brought in the superior court in order to have the question determined as to the permanent custody of the children, the judge of the superior court is not bound to be governed by the disposition of the children previously agreed upon in the settlements.

3. Under the testimony in this case, the judge of the superior court did not abuse his discretion in awarding the possession of two of the children to the wife and the remaining two to the husband, or in fixing the amount of the temporary alimony adjudged to the wife pending the application for permanent alimony. *Judgment affirmed. All the Justices concurring.*

Argued March 27, — Decided April 25, 1899.

Petition for alimony. Before Judge Sheffield. Terrell superior court. May term, 1898.

*J. H. Guerry* and *J. G. Parks,* by *Rosser & Carter,* for plaintiff in error. *W. C. Worrill,* by *Harrison & Bryan,* contra.