## KIRKLAND *v.* CANTY.

1. Where proceedings by writ of habeas corpus are brought in a court of ordinary by the mother of illegitimate minor children against their father for the possession of the children, and upon the trial of the case the custody of the children is awarded to the father, such award, if not appealed from, is final; and it is error for the judge of a city court, upon the trial of a writ of habeas corpus subsequently sued out before him by the mother, again seeking the possession of her children, to direct that they be given to

her, it not appearing from the evidence that since the former judgment the father, by reason of failure to support, immoral conduct, or cruelty, has become an improper person to have their control.

2. Under the evidence in this case it appears that the father is the proper person to have the custody of his children, and the court below erred in directing that they be given into the possession of their mother.

Submitted January 30, — Decided March 4, 1905.

Habeas corpus. Before Judge Carter. City court of Baxley. June 30, 1904.

*W. W. Bennett,* for plaintiff in error.

SIMMONS, C. J. Alice Canty, a colored woman, sued out a writ of habeas corpus, in the city court of Baxley, to obtain possession of her six minor children. It appears from the record that she and a man named Kirkland lived together as man and wife in the State of South Carolina, where the children were born. They were never legally married. Several years ago they separated, Kirkland removing to this State and the woman remaining in South Carolina. He visited her and the children once a year for two or three years, and upon his last visit she relinquished the children to him, and he brought them to Georgia. Subsequently she came to Georgia and to the place where Kirkland resided; they quarreled, and in his absence she went to his house and carried the children away. Kirkland took them back, and she sued out a writ of habeas corpus before the ordinary. After hearing the evidence in the case, the ordinary awarded the children to Kirkland. This was in February, 1904. In June of the same year she sued out another writ of habeas corpus in the city court of Baxley, as stated first above; and upon the trial in that court Kirkland pleaded the judgment of the ordinary in bar to the case pending, and also that he was a fit and proper person to have charge of the children, while their mother was not. The judge heard the whole case, and awarded the children to the mother. The evidence showed that the mother was not a fit and proper person to have control of the children, and, further, that she had relinquished them to their father; that the father was a proper person; that he was a man of good character in the estimation of his neighbors; that he had a good farm, well stocked, and was abundantly able to maintain, educate, and care for the children, and that he was willing to do so. On the other hand it was

shown that the mother was homeless, had no property of any sort, and therefore no means to support and educate the children, and that she was a woman of loose character.

1. We are clearly of the opinion that the judgment of the city court was erroneous.  While a habeas-corpus court is always open in the interests and for the protection of children, and its judgment is not conclusive where the status of the parties has changed, yet where it does not appear that the evidence in a subsequent trial is different from that on the first trial as to the character and status of the parties, the former judgment is final between them. Of course if one habeas-corpus court awards the custody of children to their father, and after that judgment he becomes an unfit and improper person to take charge of the children, another habeas-corpus court would not be bound by that judgment; but in this case, as before remarked, the evidence showed clearly that the father was the proper person to have the custody of his children. See *Williams* v. *Crosby*, 118 *Ga.* 296.

It may be said that the children were illegitimate, and under the code the mother was entitled to them.  In reply to that it is sufficient to say that the evidence showed that she had relinquished them to the father in South Carolina and permitted him to bring them to Georgia.  Besides, the judge hearing the writ of habeas corpus in respect to the custody of children is not bound to award them to either the mother or the father, but can place them in the hands of a third person who is willing and able to support them.

2. The evidence clearly showed that the father was the fit and proper person to have the custody of the children, and that the mother was unfit, by reason of want of means and her loose char-- acter.  The court erred in awarding the children to her.

*Judgment reversed.    All the Justices concur.*