HOLLENBECK *v.* GLOVER, and *vice versa.*

ATKINSON, J. 1. Decrees rendered with consent of counsel, when there is no fraud, are obligatory upon their clients, the consent of the attorneys being in law the consent of the parties they represent. When a final decree is by its terms founded on consent, if the alleged consent. was wanting for lack of mental concurrence by one of the parties, such party is not at liberty to gainsay the record and raise that question collaterally. *Williams* v. *Simmons*, 79 *Ga.* 649.

2. A decree in a divorce suit, providing for the custody of children, is prima facie evidence of the legal right to their custody in the person to whom awarded in the decree, but it is not conclusive in habeas corpus proceedings where neglect or mistreatment of the children, or the unfitness of the parent, or other cause , arising since the date of the decree requires that the children, for their welfare, should be taken from the person into whose custody they were placed by the terms of the decree. *Williams* v. *Crosby*, 118 *Ga.* 296.

3. Where a decree in a divorce case provided that the two children should remain in the custody of the mother until each should arrive at the age of 14 years, when they should be placed in the custody of the father, and the mother refused to deliver the oldest child when it arrived at the age of 14 into the custody of the father, and an application for a writ of habeas corpus was made by the father in order to obtain the custody of both children, and the evidence was conflicting as to the fitness of the father to have the care of his children, a judgment in the habeas corpus case, awarding the custody of the oldest child to the father, but providing that a plan of education of such child, which had been begun by the mother, should not be interfered

with, and awarding to the mother the custody of the child still under the age of 14, will not be disturbed by this court. The judge in a habeas corpus case involving the custody of children must look to the welfare of the children, and has a very wide discretion, within legal limits, in reference to such matters; and where the decision complained of is within such discretion, gross abuse must appear in order to work a reversal of his judgment. No such abuse of discretion appears in this case.

*Judgments affirmed. Fish, C. J., absent. The other Justices concur.*

Argued February 5,—Decided April 10, 1907.

Habeas corpus. Before Judge Littlejohn. Sumter superior court. October 22, 1906.

*W. P. Wallis,* for Hollenbeck.

*W. W. Dykes* and *E. A. Nisbet;* contra.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*