Statement.
MONROE, J.
Plaintiff, having obtained judgment against defendant of final divorce awarding him the custody of their six minor children, entered into an agreement with her as follows, to wit:
“New Orleans, Aug. 4, 1905.
“Agreement between Mr. Horace E. Farr and Miss Inez J. Emuy, formerly, or previous to June 15, 1905, known as Mrs. Horace E. Farr, since which date, June 15, 1905, a legal divorce has been granted and declared between the above-mentioned parties by the court of New Orleans, La., giving possession of their children absoluto to Mr. Horace E. Farr, but on a personal appeal of Miss Inez J. Emuy, mother of Henry D. Farr, Albert W. Farr, Herman Farr, Walter Farr, Horace Farr, and, lastly, Lillian Farr, to be allowed to have her children remain with her and in her care, so long as the following conditions shall be observed and carried out in their full sense by their mother, Inez J. Emuy, the said conditions being as follows: That they shall attend school regularly, and that they one and all shall be kept off the streets at unreasonable hours, and that they (the children all above mentioned) shall be sent to pay a visit to Horace E. Farr, their father, not less than once in every 15 days; and, further, that the said Inez J. Emuy will not at any time or place cast slurs or otherwise annoy Horace E. Farr, the father of above children. These conditions being agreed to, Horace E. Farr grants temporary charge and care of above children to Inez J. Emuy.”
He (plaintiff) now asks that defendant be condemned to return the children to his possession, alleging that her character and her manner of life are such as to render her unfit to retain the custody of them, and that the recited agreement is void, or, at most, terminable at his option.
Defendant, for answer, sets up the agreement, alleges that she has complied with its conditions, denies the misconduct and unfitness attributed to her, and further denies that plaintiff is a proper person to be intrusted with the care of children.
Upon the trial plaintiff offered the record and judgment in the divorce suit, and defendant offered the agreement relied on, and further offered certain witnesses to disprove the facts alleged in the petition and to prove those alleged in the answer; but the trial judge ruled as follows:
“The court declines to hear any evidence regarding the fitness or unfitness of the mother for the custody of the children, or regarding the compliance by the mother with the terms of the contract relied on by defendant, for the reason that it considers the said contract to be in violation of public order, and for the further reason, if said contract is not in contravention of public order, it is terminable at the will of the plaintiff.”
There was judgment for plaintiff, and defendant has appealed.
Opinion.
The judgment of divorce awarded the custody of the children to the the father unconditionally, from which circumstance, taken in connection with the grounds upon which the judgment was predicated, it is evident that the father was, and the mother was not, considered the proper person for that trust; and, it having been devolved upon him, first by nature, and then by a final judgment in *94 which, as between himself and the defendant, the question was decided, he was and is without legal capacity to abdicate the same by any such agreement as that which the defendant sets up. Bermudez v. Bermudez, 2 Mart. (O. S.) 182; Gates v. Renfroe, 7 La. Ann. 570; Prieto v. St. Alphonsus Convent, 52 La. Ann. 631, 27 South. 153, 47 L. R. A. 656; State ex rel. Lassere v. Michel et al., 105 La. 741, 30 South. 122, 54 L. R. A. 927; James v. Meyers, 41 La. Ann. 1100, 7 South. 618; Succession of Watt, 111 La. 937, 36 South. 31; Civ. Code, arts. 11, 12, 216, 217, 218, 301, 2327.
It is suggested, in the brief of defendant’s counsel, that there is a suit pending to annul the judgment of divorce, that defendant ought to have been permitted to offer evidence to disprove the allegations of the petition reflecting upon her and to prove the unworthiness of the plaintiff, and that the case should therefore be remanded. We are, however, unable to see that any good purpose would be subserved by pursuing the course suggested.
The judgment appealed from is accordingly affirmed.