LOCKHART *v.* LOCKHART.

No. 8611.   DECEMBER 16, 1931.

852

*Alexander & Jones,* for plaintiff in error.

*Titus & Dekle,* contra.

HINES, J. (After stating the foregoing facts.) Formerly the father was entitled to the custody of his children during minority, unless such right had been relinquished or forfeited. *Franklin* v. *Carswell,* 103 *Ga.* 553 (29 S. E. 476). But since the passage of

the act of 1913, it is now the law that in all cases where the custody of any child or children is involved between the parents, there is no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may exercise its sound discretion, taking into consideration all the circumstances of the case, as to which of the parents the custody of such child or children shall be awarded, the duty of the court being in all such cases, in exercising such discretion, to look to and determine solely what is for the best interest of the child or children, and what will promote their welfare and happiness, and make award accordingly. Acts 1913, p. 110; 2 Park's Code, § 3022(a). This is one of the fruits of modern legislation changing the status of women and enlarging their rights. Now the husband is no longer entitled, as a matter of right, to the custody of his minor children. The husband and wife now stand upon an equal footing in controversies over the custody of the offspring. The husband has no prima facie right thereto. This, however, does not in any way change the principle of law applicable to the conclusiveness of judgments in habeas-corpus proceedings instituted by parents to secure the custody of their minor children. Judgments in such proceedings conclusively establish the rights of the parents to the custody of their children under the facts existing at the time of their rendition. The principle of res adjudicata is applicable to habeas-corpus proceedings involving an inquiry into, and determination of, the rights of conflicting claimants to the custody of minor children; and such judgments are conclusive upon the parties to the habeas-corpus proceedings under the facts existing at the time of their rendition. *Kirkland* v. *Canty*, 122 *Ga.* 261 (50 S. E. 90); *Richards* v. *McHan*, 139 *Ga.* 37, 39 (76 S. E. 32); *Pryor* v. *Pryor*, 164 *Ga.* 7 (137 S. E. 567). While judgments in habeas-corpus proceedings instituted by parents to secure the custody of their minor children are conclusive upon them, such conclusiveness relates to the status existing at the time of the rendition of such judgments. Change of status may authorize a different judgment in a subsequent proceeding. The duty of the State as parens patriæ, and the jurisdiction of a habeas-corpus court, are continuing, and not limited to the date of a divorce judgment awarding the custody of minor children, or the date of a previous judgment in a habeas-corpus proceeding which awards such custody to

one or the other of the parents or to each partially. Ex necessitate rei this must be so. The care and protection which the law affords to the children is not limited to the date of the decree. The capacity, ability, or fitness of the party to whom the child was awarded in the previous proceeding may thereafter become entirely different. The status of both such party and the child may have changed. Change of circumstances may render a change necessary in order to promote the health, happiness or welfare of the child. *Williams* v. *Crosby*, 118 *Ga.* 296 (45 S. E. 282).

A judgment in a previous habeas-corpus proceeding, by which the custody of a minor child is awarded to its mother for a period of ten and one half months during each year, and its custody is awarded to the father for one and one half months during each year, is prima facie evidence of the legal right of the father to its custody during the period for which its custody is allotted to him. Such judgment is not, however, conclusive, as we have seen, in a subsequent habeas-corpus proceeding brought by the wife to secure the custody of the child all the time, where the circumstances and conditions of the parties, or unfitness of the parent for the custody of his minor child, arising since the date of the judgment in the first proceeding, are involved. *Barlow* v. *Barlow*, 141 *Ga.* 525 (81 S. E. 433, 52 L. R. A. (N. S.) 683). The former judgment can not anticipate changes which may occur in the condition of the parents in character or fitness for the care of the child, or in circumstances affecting the· health, happiness, or welfare of the child. *Brandon* v. *Brandon*, 154 *Ga.* 661, 666 (115 S. E. 115). In this case it is insisted that the status of the child has changed since the rendition of the judgment in the habeas-corpus proceedings before the judge of the city court of Thomasville. There is no contention that the father is an unfit or improper person, morally or otherwise, to have the custody of his child during the period of one and one half months fixed by the former habeas-corpus judgment. The sole contention is that this child, who had always been extremely delicate, had developed a physical impairment, which rendered it absolutely necessary, in order to protect and preserve her health and perhaps her life, as well as her happiness and welfare, that she should remain constantly under the care of her mother, and have constant medical attention. The evidence discloses that the child had an attack of

pylitis in May, 1931. This disease causes pain in the back, bladder, and pelvis region, and is caused by the formation of pus in the kidneys, and is accompanied by high fever. The undisputed evidence shows that the child had been suffering from this disease for a number of years prior to the trial of the habeas-corpus case before the judge of the city court. She had been treated about two years before May, 1931, for an attack of this disease, and the attending physician thought that she had got over it. According to the medical experts who testified for the wife, an attack of this disease lasts from three to five days. They testified that her condition had improved; that the history of the child is that she had repeated attacks of this disease before the attack in May, 1931; that she had gone quite a number of months without an attack; and that she may go several years without one or she might have one at any time. The experts further testified that Atlanta had a higher altitude than Thomasville, and that this fact, all things being equal, would make it a more beneficial climate for the child than that of Thomasville. An expert further testified that the reaction of depriving a child of its father would be detrimental to it; and that denial of the association of a child with its father would destroy its love for him.

There is no evidence tending to show that there has been any change in the status of the parents, or that the status of the child has changed, except the fact that she had an attack of pylitis in May, 1931. Does this situation show such a change of status as will destroy the conclusiveness of the judgment in the first habeas-corpus proceeding? We do not think so. The child had been suffering from this disease for years before the rendition of the judgment in the habeas-corpus proceeding before the judge of the city court of Thomasville. The medical proof offered shows that it is a recurring disease. The clear inference from the evidence is that the wife knew of this condition at the time the judgment was rendered in the proceeding before the judge of the city court. The evidence discloses that the wife had abandoned the husband, and had refused to come with their child and live with him; and that the father had made arrangements for the board of himself and child with his niece, who resided in Decatur, and who was an educated woman of fine character, with whom the child had been acquainted. In the circumstances of this case we do not think that there was

any such change of status of the father or the child as would render inconclusive the judgment of the judge of the city court awarding the custody of the child to the father for the period of one and one half months in each year. We think that the trial judge erred in rendering his judgment awarding the permanent custody of the child to the mother, and changing the terms of the former judgment in which the father was to have the right to the custody of the child for one and one half months during each year, and in so limiting the right of the father to see his child, as was done by the judgment in this case.

*Judgment reversed. All the Justices concur.*