SAMMONS *v.* NABERS, executrix, *et al.*

No. 11635. APRIL 13, 1937.

*R. C. Whitman,* for plaintiff in error. *M. F. Adams,* contra.

BELL, Justice. Thomas M. Nabers and Helen D. Nabers filed a suit against J. W. Sammons. Afterwards Thomas M. Nabers died, and Helen D. Nabers as executrix of the will of Thomas M. Nabers was made a party plaintiff in his stead. The action thus proceeded as a suit by Helen D. Nabers, individually and as executrix, against Sammons. The defendant filed a general demurrer to the petition, which the court overruled. To this judgment exceptions pendente lite were taken. On the trial the court directed a verdict in favor of the plaintiff; whereupon the defendant brought the case to this court. The bill of exceptions includes assignments of error upon the admission of described documentary evidence over objection of the defendant. The purpose of the action was to foreclose an alleged security deed as an equitable mortgage. The petition alleged the following: The defendant Sammons is indebted to the plaintiffs in the sum of $2100 on a demand promissory note dated April 18, 1927, with interest at eight per cent. per annum, this note having been given to Thomas M. and Helen D. Nabers in renewal of a note executed by the defendant in favor of Robert Young, which latter note "had been assigned and transferred to your petitioners." The original note and the "said renewal note" were secured by a security deed conveying a described tract of 308 acres of land, more or less, situated in Putnam County, but of this tract the plaintiffs later released 210 acres, more or less, which is now owned by Mrs. Annie H. Slaughter. "Petitioners attach a copy of the said promissory

note, and of the said security deed and the transfer thereof. The said defendant, subsequently to the date of the said note, received a discharge in bankruptcy, so that petitioners are unable to secure a personal judgment against him. Wherefore petitioners bring their action in equity, and pray: (1) That the amount due upon the said note be fixed and determined by the judgment of this court. (2) That the amount so determined be adjudged to be a special and preferred lien on the portion of the said land described in said security deed which has not been released therefrom. (3) That under the judgment and decree of this court the said land be sold to satisfy and pay the amount so determined."

It appears from the exhibit that the original note as executed by Sammons to Robert Young was embraced in an instrument which contained the elements both of a note and of a security deed, and of which the following "transfer" was subsequently made: "For and in consideration of the sum of twenty one hundred dollars, in hand paid, we do hereby transfer and assign, without recourse, to Thos. M. Nabers all our right, title, and interest in and to that certain note dated Feb. 24, 1914, from J. W. Sammons to Robert Young, being the note to which this assignment is attached. The said payee is now deceased, and the undersigned, as his heirs at law, are entitled to the said note, there being no administration on his estate and no debts, and all of the undersigned being of full age and under no disability. For the same consideration we do hereby convey and quitclaim to the said Thos. M. Nabers, and his heirs and assigns, all our right, title, and interest in and to that certain 308 acres of land, more or less, lying in Putnam County, Georgia, described in the deed given to secure said note as adjoining on the north land of L. J. Walton, on the east land of Mrs. S. E. Jones, on the south land of A. A. Denham Sr., and land of A. D. Freeman, and on the west land of estate of T. G. Lawson; subject only to the right of the said Sammons to a reconveyance upon the payment of his said note. In testimony whereof, we have hereunto set our hands and seals, this 18th day of April, 1927. [Signed] Maggie H. Young (seal), H. A. Young (seal), Mrs. Ella Y. Denmark (seal). Signed, sealed, and delivered in our presence: Charles E. Ballard, M. F. Adams, N. P."

The petition contained nothing, except the recitals of this transfer, to indicate under what right or claim the persons who executed

this transfer undertook thereby to convey and quitclaim the property conveyed by the security deed. Under the rulings stated in the headnotes, the court erred in overruling the general demurrer. The further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*