FORTSON *v.* FORTSON.

No. 14452.   APRIL 15, 1943.

754

*B. W. Fortson,* for plaintiff in error. *Fraser & Irwin,* contra.

BELL, Presiding Justice. ■ On May 8, 1941, in a suit by the wife for divorce, alimony, and custody of the children, the court after second verdict granted a decree of total divorce, and as a part of such decree awarded custody of the children to their mother. The litigation as to custody was renewed in September, 1942, the mother again appearing as plaintiff and the father as defendant. The court declined to recognize the status as it had been changed by the parties, sustaining the mother's claim under the original decree; and the father excepted.

While the original decree as to custody was based upon an agreement between the parties, it was none the less a judgment of the court, having the usual attribute of conclusiveness. Compare *Tillinghast* v. *Clay,* 152 *Ga.* 816 (111 S. E. 84); *Estes* v. *Estes,* 192 *Ga.* 94 (14 S. E. 2d, 681); *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d, 680). "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, make a different disposition of the children, withdrawing them from the custody of either or both parties, and placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the application for divorce." Code, § 30-127. For other provisions bearing upon jurisdiction and discretion of the superior court as to custody of children in case of divorce, see Code, §§ 30-206, 30-213, 50-121, 74-106, 74-107.

In this case, permanent custody was awarded to the mother.

subject to the right of the father to visit the children and to have temporary custody at reasonable times, with the further right to apply to the court in case of violation of either of these privileges, or if reasonable grounds for complaint should arise "with reference to the health, well-being, or education of the children." Such were the terms of the decree, and subject to these conditions it was conclusive. *Hardy* v. *Pennington,* 187 *Ga.* 523 (1 S. E. 2d, 667); *Bond* v. *Norwood,* 195 *Ga.* 385 (23 S. E. 2d, 289).

While in all such cases the paramount issue is welfare of the children, the doctrine of res adjudicata is nevertheless applicable; and when an award has been made, the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting their interest and welfare. *Crowell* v. *Crowell,* 191 *Ga.* 36 (11 S. E. 2d, 190); *Willingham* v. *Willingham,* 192 *Ga.* 405, 406 (15 S. E. 2d, 514). Accordingly, when the plaintiff here filed her petition in September, 1942, bringing again to the attention of the court the question as to custody, and when in support of her petition she invoked the former decree of May 8, 1941, she conclusively established that she was entitled to continued custody, unless it appeared that new and material conditions affecting the health, well-being, or education of the children had arisen since the rendition of such decree. The burden was thus shifted to the defendant to show such a change in circumstances as would relieve the case from the former adjudication and reopen the issue as to custody, before any new judgment could be properly rendered in his favor. *Kirkland* v. *Canty,* 122 *Ga.* 261 (50 S. E. 90); *Hollenbeck* v. *Glover,* 128 *Ga.* 52 (3) (57 S. E. 108); *Brooks* v. *Thomas,* 193 *Ga.* 696 (19 S. E. 2d, 497).

■ The defendant relied first on the new agreement which was entered into between him and the plaintiff on December 22, 1941, and it is insisted that this agreement was binding upon the plaintiff and should without more have defeated her present action to regain custody, especially as it stipulated that a situation had arisen whereby it was deemed for the best interest of the children that their custody and control should henceforth be in their father. It is further contended that the agreement did not require approval of the court to make it effective; but that even if such approval might ordinarily be necessary, it should have been granted here as

a matter of right, since, as insisted, it did not affirmatively appear that the change that had been made by the parties was calculated to affect the children adversely. Seemingly there are very few decisions dealing with the effect of such a private agreement contrary to the terms of a decree previously entered. In *Lowrey* v. *Lowrey*, 108 *Ga.* 766 (2) (33 S. E. 421), it was said: "On the trial before the judge of the superior court of an application by the wife against the husband for temporary alimony and the custody of the minor children, ordinarily the judge should enforce a bona fide settlement entered into between the parties touching the subject-matter of the suit, provided there has been no change in the condition of matters since the settlement, and provided further the interests of minors do not require any different disposition of their custody from that had under the settlement. If, however, it appears that the original contract of settlement between the parties has been violated and the evidence is in conflict as to who is responsible for its violation, and it appears that a second agreement was entered into, changing the first, with the understanding 'that the proper proceedings would soon thereafter be brought in the superior court in order to have the question determined as to the permanent custody of the children,' the judge of the superior court is not bound to be governed by the disposition of the children previously agreed upon in the settlements." It is evident from that decision that the parents made two agreements as to custody before either of them was ever presented to the court, and that there was no adjudication as to the effect of an agreement made after decree; but even so, the decision is authority for the proposition that no agreement between parents should be absolutely binding upon the court as to proper disposition of their children, in case of divorce or separation. Much less may the parents determine such matter without consulting the court, where the issue as to custody has been previously adjudicated by a court of competent jurisdiction upon the grant of a divorce between them. In such case, as in a contest regarding divorce, the State is materially concerned, and through agency of the court is virtually a party, although nominally the action proceeds as one between the parents only. *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593); *Boykin* v. *Martocello,* 194 *Ga.* 867 (22 S. E. 2d, 790); 17 Am. Jur. 155, § 13; 20 C. J. S. 527, § 8.

Accordingly, in this case the original decree as to custody, in so

far as the children themselves were concerned, was a matter about which the parents could not contract without the consent of the court as the representative of the State and the children. In other words, the judgment would embrace the interest of the State as a virtual party, in addition to the rights and obligations of the parents themselves, and their right to modify it would not extend to such public interest. Nor would their private recitals in an attempted agreement be binding upon the court as evidence of a change in condition. While the authorities do not seem to be entirely clear or even harmonious on this identical question, we think it may be safely said on principle that in view of the previous adjudication the judge in this case did not err in declining to confirm and approve the agreement of December 22, 1941, and in deciding the case upon the other evidence, including such former adjudication. See, in this connection, *Sammons* v. *Nabers,* 184 *Ga.* 269 (191 S. E. 124); *Glaze* v. *Strength,* 186 *Ga.* 613 (198 S. E. 721); Ackley v. Burchard, 11 Wash. 128 (38 Pac. 372); Horace v. Farr, 121 La. 91 (46 So. 112, 15 L. R. A. (N. S.) 744); Hickey v. Thayer, 85 Kan. 556 (118 Pac. 56, 41 L. R. A. (N. S.) 564, 583-585, note); Edleson v. Edleson, 179 Ky. 300 (200 S. W. 625, 2 A. L. R. 689); Buchanan v. Buchanan, 170 Va. 458 (197 S. E. 426, 116 A. L. R. 688); 17 Am. Jur. 516-518, §§ 682-684; 27 C. J. S. 1161-1177, §§ 301, 311, 317. The case differs on its facts from *Girtman* v. *Girtman,* 191 *Ga.* 173 (5) (11 S. E. 2d, 782), and *Chapin* v. *Cummings,* 191 *Ga.* 408, 411 (12 S. E. 2d, 312), holding that on death of a parent having custody under a divorce decree, the right of custody automatically reverts to the surviving parent. Nor can we apply the general rule that a parent having the lawful custody and control of his or her minor child may by contract release such parental authority to a third party. *Lamar* v. *Harris,* 117 *Ga.* 993 (44 S. E. 866); *Wilkinson* v. *Lee,* 138 *Ga.* 360 (75 S. E. 477); *Durden* v. *Johnson,* 194 *Ga.* 689 (2) (22 S. E. 2d, 514). Even such ordinary right of contract is not unlimited, but is subject to the welfare of the child in case of contest on that issue. *Bently* v. *Terry,* 59 *Ga.* 555 (3) (27 Am. R. 399); *Carter* v. *Brett,* 116 *Ga.* 114 (42 S. E. 348); *Eaves* v. *Fears,* 131 *Ga.* 820, 822 (64 S. E. 269); *Kidd* v. *Brown,* 136 *Ga.* 85 (70 S. E. 881). But in no event would the right apply in the instant case, where the court on "divorce granted" had assumed actual jurisdiction of the ques-

tion of custody. In such case, the duty of the State as parens patriæ, and the jurisdiction of the court, are continuing, and not limited to the date of the divorce. The children are thus wards of the court, and the parent to whom custody is granted serves as a kind of receiver or trustee. The children are virtually if not actually in custodia legis, and pending this status even the limited right of private contract regarding their custody is gone. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282); *Zachry* v. *Zachry,* 140 *Ga.* 479 (79 S. E. 115); *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129); *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (3), 517 (16 S. E. 2d, 24).

While we agree with counsel that the issue in this case is no light or trivial matter, the parents on divorce granted ceased to occupy the normal status, and in our opinion the new agreement was entirely without force, as related to the matter of custody.

■ The defendant relied secondly upon his amendment asserting that independently of the new agreement a change of circumstances affecting the welfare of the children had occurred since the original decree, and that for this reason custody should now be awarded to him. As indicated above, the decree in the divorce suit awarding custody to the mother was prima facie evidence in her favor, and the father could not prevail in this proceeding without showing affirmatively that a material change in the circumstances had in fact occurred. The evidence is rather voluminous, and need not be quoted. All of it has been carefully considered, although only the gist of it has been stated. While it was very strong for the defendant as to present conditions, there was nevertheless a material conflict. At any rate, it can not be said that a finding for the defendant was demanded as a matter of law, on the issue as to change in circumstances. *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237); *Lockhart* v. *Lockhart,* supra. The order was in part as follows: "The evidence, in the opinion of the court, is not sufficient to justify the setting aside or modification of the decree of May 8, 1941; and the defendant's prayer that permanent custody of the children be awarded to him is, at this time, denied." We construe this language as a finding from the evidence that no material change in the circumstances appeared, and hence that the original decree should be allowed to stand. If an order is equivocal and susceptible of more than one interpretation, it will be construed

consistently with the theory that the judge performed his duty by considering the evidence and making a finding from it, where the issue is one for such determination. *Martin* v. *Bank of Leesburg,* 137 *Ga.* 285 (8) (73 S. E. 387); *Macon, Dublin & Savannah Railroad Co.* v. *Anchors,* 140 *Ga.* 531, 536 (79 S. E. 153); *Marion County* v. *McCorkle,* 187 *Ga.* 312 (2) (200 S. E. 285); *Town of Woodland* v. *Carter Construction Co.,* 65 *Ga. App.* 547 (2) (16 S. E. 2d, 129).

Under the record, we can not say that the judge erred in finding against modification of the original decree, and in allowing custody to remain in the mother in accordance therewith.

*Judgment affirmed. All the Justices concur.*