1. Where on grant of a divorce between parents the custody of their minor children was awarded to the mother, the fact that the decree as to custody was based upon an agreement did not deprive it of the usual attribute of conclusiveness. While in all such cases the paramount issue is welfare of the children, the doctrine of res adjudicata is nevertheless applicable; and when an award has been made, the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting their interest and welfare.
2. In such a case, the State as parens patriae is materially concerned, and through agency of the court is virtually a party to the judgment, although the action proceeded nominally as one between the parents only. Accordingly, after such a decree as to custody, the parents themselves could not by a new agreement transfer custody to the father without consent of the court as the representative of the State and the children. Nor would their private recitals in an attempted agreement be binding upon the court as evidence of a change in condition. In this case the court did not err in declining to approve the new agreement, and in deciding the case upon the other evidence, including the former adjudication as to custody.
3. The decree in the divorce suit awarding custody to the mother was prima facie evidence in her favor in the instant proceeding, and the father could not regain custody without showing affirmatively that a material change in the circumstances affecting the welfare of the children had occurred since the original decree.
(a) If an order is equivocal and susceptible of more than one interpretation, it will be construed consistently with the theory that the judge performed his duty by considering the evidence and making a finding from it, where the issue is one for such determination.
(b) The evidence as a whole did not demand a finding in favor of the father on the issue as to change in circumstances; and the court did not err in finding against modification of the original decree, and in allowing custody to remain in the mother in accordance therewith.
 No. 14452. APRIL 15, 1943.
On March 20, 1940, Mrs. Virginia F. Fortson filed a suit against her husband, Charles W. Fortson, in the superior court of Fulton County, seeking divorce, temporary and permanent alimony, and custody of their two minor children, Charles W. Fortson Jr., then six years of age, and Edward Norval Fortson, then four years of age. On March 29, 1940, the parties entered into an agreement in writing respecting all of these matters, except divorce. The agreement provided, among other things, that the custody of the children might be awarded to the mother, to whom the father *Page 751 
would pay $37.50 per month each for their support and maintenance, but that the father should be permitted to visit them and have temporary custody at such times as might be reasonable, with the further right to apply to the court for relief if the wife should withhold these privileges, or if reasonable grounds for complaint should arise "with reference to the health, well-being, or education of the children." This agreement was made an order of court on April 9, 1940. The plaintiff obtained a first verdict for divorce on May 1, 1940, and a second verdict on May 8, 1941, when a decree of total divorce was entered, and the foregoing agreement as to custody was made a part of such final decree.
On September 1, 1942, Mrs. Fortson filed in the same superior court a petition alleging, that under the final decree of May 8, 1941, custody of the children had been awarded to her; that the defendant was trying to take and keep said children permanently, in violation of such decree, and was trying to "move them" without the State and beyond the jurisdiction of said court; and that the defendant was in arrears in payment of alimony. She prayed that he be enjoined from interfering with her custody of the children, and that he be adjudged in contempt for failure to pay alimony as decreed.
On October 12, 1942, in response to a rule nisi, the defendant answered, denying the allegations as to his conduct, and asserting further that after the plaintiff had retained custody and control of the children from the date of the original decree until December 22, 1941, and in view of a situation that had arisen in the meantime, the parties did no the last mentioned date enter into a new agreement, transferring custody and control to the defendant; that under this new agreement the children had been subject to the custody and control of the defendant until August 30, 1942, when the plaintiff, after the children had been left with her for the day, took them to Roswell, Georgia, and kept them there until the present petition was filed. "Since said agreement was entered into between plaintiff and defendant, defendant had cared for, supported, and maintained said children in accordance with said agreement. He is amply able to furnish said children a suitable home and maintain and educate them suitably to their station in life." The new agreement on which the defendant relied was set forth as an exhibit to his answer, and was in terms as follows: *Page 752 
"Georgia, Fulton County. A situation having arisen whereby it is deemed for the best interest of Charles W. Fortson Jr., and Edward Norval Fortson, children of Charles W. Fortson and Virginia F. Fortson, that their father, Charles W. Fortson, henceforward have custody and control of said children, I, Virginia F. Fortson, do therefore hereby relinquish said children to their said father, Charles W. Fortson, together with my right to their custody and duty to maintain and educate them, as given to me by decree of the superior court of Fulton County, Georgia, in the case of Virginia F. Fortson v. Charles W. Fortson, reserving the right in so doing, however, to be permitted to see said children at reasonable times and under reasonable circumstances, and upon the understanding also that in the event said Charles W. Fortson be called into active naval or military service during the present emergency, said children shall be returned to me for the duration of such service, or other disposition be made of them by agreement between said Charles W. Fortson and myself. This change of custody and control is being made for what we, the parents of said children, believe to be for the well-being of said children, and in furtherance thereof it is also agreed that the decree hereinabove referred to (of record in minutes 202, page 297, Fulton superior court), which, among other things, provides for a change of custody if reasonable grounds therefor arise, may be revised in that respect so as to give custody of said children to said Charles W. Fortson in accordance with this agreement, which may be used as my consent therefor. This December 22, 1941." The agreement was signed by both parties.
A hearing was had before one of the judges on the issues presented by the foregoing petition and answer, and in the course of the hearing the plaintiff abandoned her claim based on alleged default in payment of alimony. The case then proceeded as one involving custody only; and after evidence had been introduced on both sides, the defendant asked leave to amend his answer by adding a further affirmative plea, and on October 26, 1942, the answer was so amended as to allege that since the final decree of May 8, 1941, "conditions and circumstances affecting the welfare of said children have materially changed," and that it was this change that brought about the agreement of December 22, 1941. The amendment then averred the following particulars as to the alleged *Page 753 
change: After the separation and the filing of the divorce suit, the plaintiff's mother purchased a home for her and the children in a desirable location, but the plaintiff afterwards left said home and moved from place to place, carrying the children with her, until she finally rented and moved into a described frame dwelling located in the rear or back yard of another dwelling on Myrtle Street, in which she is now living with said children, and which is in danger of fire, as well as unsanitary, because of carelessness and neglect on the part of the plaintiff. From the time the plaintiff left the home that her mother had provided for her and the children, she manifested little if any concern for their well-being and upkeep, complete indifference as to their cleanliness and personal appearance, and lack of proper and needed discipline. These conditions were practically continuous and are becoming progressively worse. "From time to time defendant remonstrated with plaintiff about all these things, but without any change being made; and it was for these reasons defendant wanted and now seeks custody and control transferred to him, solely for what he conceives to be for the best interests of said children and for their future well-being." For these "additional reasons," the defendant prayed that custody of the children be awarded to him.
After allowance of this amendment to the answer, additional evidence was heard. The plaintiff and the defendant both testified again, and other witnesses were introduced on both sides. It appeared from the evidence that the second agreement was signed freely and voluntarily by Mrs. Fortson, and that even her own parents had considered that some new arrangement should be made. The defendant and other witnesses testified in support of his contentions as to neglect and lack of discipline. The evidence, however, also tended to show that in the main the conditions of which he complained, except as to location, were not new, but were in existence and known at the time of the decree of May 8, 1941. This appeared from the evidence of physicians introduced by the defendant, and from his own testimony. Several witnesses for the plaintiff testified that she was a dutiful mother and had not neglected the children, as contended.
The judge passed an order which, after reciting the history of the case, declared: "The agreement of December 22, 1941, was received and considered by the court, but the court declines to confirm *Page 754 
or make the same the order of this court. The evidence, in the opinion of the court, is not sufficient to justify the setting aside or modification of the decree of May 8, 1941; and the defendant's prayer that permanent custody of the children be awarded to him is, at this time, denied. It is the order of this court that the restraining order be continued in so far only as it restrains the defendant from taking permanent custody of the children, it being the opinion of the court that the decree of May 8, 1941, with reference to the custody of the children, should, as of the present, remain in full force and effect." To this judgment Charles W. Fortson, excepted.
1. On May 8, 1941, in a suit by the wife for divorce, alimony, and custody of the children, the court after second verdict granted a decree of total divorce, and as a part of such decree awarded custody of the children to their mother. The litigation as to custody was renewed in September, 1942, the mother again appearing as plaintiff and the father as defendant. The court declined to recognize the status as it had been changed by the parties, sustaining the mother's claim under the original decree; and the father excepted.
While the original decree as to custody was based upon an agreement between the parties, it was none the less a judgment of the court, having the usual attribute of conclusiveness. CompareTillinghast v. Clay, 152 Ga. 816 (111 S.E. 84); Estes v.Estes, 192 Ga. 94 (14 S.E.2d 681); Estes v. Estes,192 Ga. 100 (14 S.E.2d 680). "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, make a different disposition of the children, withdrawing them from the custody of either or both parties, and placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the application for divorce." Code, § 30-127. For other provisions bearing upon jurisdiction and discretion of the superior court as to custody of children in case of divorce, see Code, §§ 30-206, 30-213, 50-121, 74-106, 74-107.
In this case, permanent custody was awarded to the mother, *Page 755 
subject to the right of the father to visit the children and to have temporary custody at reasonable times, with the further right to apply to the court in case of violation of either of these privileges, or if reasonable grounds for complaint should arise "with reference to the health, well-being, or education of the children." Such were the terms of the decree, and subject to these conditions it was conclusive. Hardy v. Pennington,187 Ga. 523 (1 S.E.2d 667); Bond v. Norwood, 195 Ga. 383
(24 S.E.2d 289).
While in all such cases the paramount issue is welfare of the children, the doctrine of res adjudicata is nevertheless applicable; and when an award has been made, the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting their interest and welfare. Crowell v. Crowell, 191 Ga. 36 (11 S.E.2d 190);Willingham v. Willingham, 192 Ga. 405, 406
(15 S.E.2d 514). Accordingly, when the plaintiff here filed her petition in September, 1942, bringing again to the attention of the court the question as to custody, and when in support of her petition she invoked the former decree of May 8, 1941, she conclusively established that she was entitled to continued custody, unless it appeared that new and material conditions affecting the health, well-being, or education of the children had arisen since the rendition of such decree. The burden was thus shifted to the defendant to show such a change in circumstances as would relieve the case from the former adjudication and reopen the issue as to custody, before any new judgment could be properly rendered in his favor. Kirkland v. Canty, 122 Ga. 261 (50 S.E. 90);Hollenbeck v. Glover, 128 Ga. 52 (3) (57 S.E. 108);Brooks v. Thomas, 193 Ga. 696 (19 S.E.2d 497).
2. The defendant relied first on the new agreement which was entered into between him and the plaintiff on December 22, 1941, and it is insisted that this agreement was binding upon the plaintiff and should without more have defeated her present action to regain custody, especially as it stipulated that a situation had arisen whereby it was deemed for the best interest of the children that their custody and control should henceforth be in their father. It is further contended that the agreement did not require approval of the court to make it effective; but that even if such approval might ordinarily be necessary, it should have been granted here as *Page 756 
a matter of right, since, as insisted, it did not affirmatively appear that the change that had been made by the parties was calculated to affect the children adversely. Seemingly there are very few decisions dealing with the effect of such a private agreement contrary to the terms of a decree previously entered. In Lowrey v. Lowrey, 108 Ga. 766 (2) (33 S.E. 421), it was said: "On the trial before the judge of the superior court of an application by the wife against the husband for temporary alimony and the custody of the minor children, ordinarily the judge should enforce a bona fide settlement entered into between the parties touching the subject-matter of the suit, provided there has been no change in the condition of matters since the settlement, and provided further the interests of minors do not require any different disposition of their custody from that had under the settlement. If, however, it appears that the original contract of settlement between the parties has been violated and the evidence is in conflict as to who is responsible for its violation, and it appears that a second agreement was entered into, changing the first, with the understanding `that the proper proceedings would soon thereafter be brought in the superior court in order to have the question determined as to the permanent custody of the children,' the judge of the superior court is not bound to be governed by the disposition of the children previously agreed upon in the settlements." It is evident from that decision that the parents made two agreements as to custody before either of them was ever presented to the court, and that there was no adjudication as to the effect of an agreement made after decree: but even so, the decision is authority for the proposition that no agreement between parents should be absolutely binding upon the court as to proper disposition of their children, in case of divorce or separation. Much less may the parents determine such matter without consulting the court, where the issue as to custody has been previously adjudicated by a court of competent jurisdiction upon the grant of a divorce between them. In such case, as in a contest regarding divorce, the State is materially concerned, and through agency of the court is virtually a party, although nominally the action proceeds as one between the parents only.Watts v. Watts, 130 Ga. 683 (61 S.E. 593); Boykin v.Martocello, 194 Ga. 867 (22 S.E.2d 790); 17 Am. Jur. 155, § 13;20 C. J. S. 527, § 8.
Accordingly, in this case the original decree as to custody, in so *Page 757 
far as the children themselves were concerned, was a matter about which the parents could not contract without the consent of the court as the representative of the State and the children. In other words, the judgment would embrace the interest of the State as a virtual party, in addition to the rights and obligations of the parents themselves, and their right to modify it would not extend to such public interest. Nor would their private recitals in an attempted agreement be binding upon the court as evidence of a change in condition. While the authorities do not seem to be entirely clear or even harmonious on this identical question, we think it may be safely said on principle that in view of the previous adjudication the judge in this case did not err in declining to confirm and approve the agreement of December 22, 1941, and in deciding the case upon the other evidence, including such former adjudication. See, in this connection, Sammons v.Nabers, 184 Ga. 269 (191 S.E. 124); Glaze v. Strength,186 Ga. 613 (198 S.E. 721); Ackley v. Burchard, 11 Wn. 128
(38 P. 372); Horace v. Farr, 121 La. 91 (46 So. 112, 15 L.R.A. (N.S.) 744); Hickey v. Thayer, 85 Kan. 556 (118 P. 56, 41 L.R.A. (N.S.) 564, 583-585, note); Edleson v. Edleson,179 Ky. 300 (200 S.W. 625, 2 A.L.R. 689); Buchanan v. Buchanan,170 Va. 458 (197 S.E. 426, 116 A.L.R. 688); 17 Am. Jur. 516-518, §§ 682-684; 27 C. J. S. 1161-1177, §§ 301, 311, 317. The case differs on its facts from Girtman v. Girtman, 191 Ga. 173
(5) (11 S.E.2d 782), and Chapin v. Cummings, 191 Ga. 408,411 (12 S.E.2d 312), holding that on death of a parent having custody under a divorce decree, the right of custody automatically reverts to the surviving parent. Nor can we apply the general rule that a parent having the lawful custody and control of his or her minor child may by contract release such parental authority to a third party. Lamar v. Harris,117 Ga. 993 (44 S.E. 866); Wilkinson v. Lee, 138 Ga. 360
(75 S.E. 477); Durden v. Johnson, 194 Ga. 689 (2) (22 S.E.2d 514). Even such ordinary right of contract is not unlimited, but is subject to the welfare of the child in case of contest on that issue. Bently v. Terry, 59 Ga. 555 (3) (27 Am. R. 399); Carter v. Brett, 116 Ga. 114 (42 S.E. 348); Eaves
v. Fears, 131 Ga. 820, 822 (64 S.E. 269); Kidd v. Brown,136 Ga. 85 (70 S.E. 881). But in no event would the right apply in the instant case, where the court on "divorce granted" had assumed actual jurisdiction of the question *Page 758 
of custody. In such case, the duty of the State as parens patriae, and the jurisdiction of the court, are continuing, and not limited to the date of the divorce. The children are thus wards of the court, and the parent to whom custody is granted serves as a kind of receiver or trustee. The children are virtually if not actually in custodia legis, and pending this status even the limited right of private contract regarding their custody is gone. Williams v. Crosby, 118 Ga. 296
(45 S.E. 282); Zachry v. Zachry, 140 Ga. 479 (79 S.E. 115);Lockhart v. Lockhart, 173 Ga. 846 (162 S.E. 129);Kniepkamp v. Richards, 192 Ga. 509 (3), 517 (16 S.E.2d 24).
While we agree with counsel that the issue in this case is no light or trivial matter, the parents on divorce granted ceased to occupy the normal status, and in our opinion the new agreement was entirely without force, as related to the matter of custody.
3. The defendant relied secondly upon his amendment asserting that independently of the new agreement a change of circumstances affecting the welfare of the children had occurred since the original decree, and that for this reason custody should now be awarded to him. As indicated above, the decree in the divorce suit awarding custody to the mother was prima facie evidence in her favor, and the father could not prevail in this proceeding without showing affirmatively that a material change in the circumstances had in fact occurred. The evidence is rather voluminous, and need not be quoted. All of it has been carefully considered, although only the gist of it has been stated. While it was very strong for the defendant as to present conditions, there was nevertheless a material conflict. At any rate, it can not be said that a finding for the defendant was demanded as a matter of law, on the issue as to change in circumstances.Sells v. Sells, 172 Ga. 911 (159 S.E. 237); Lockhart v.Lockhart, supra. The order was in part as follows: "The evidence, in the opinion of the court, is not sufficient to justify the setting aside or modification of the decree of May 8, 1941; and the defendant's prayer that permanent custody of the children be awarded to him is, at this time, denied." We construe this language as a finding from the evidence that no material change in the circumstances appeared, and hence that the original decree should be allowed to stand. If an order is equivocal and susceptible of more than one interpretation, it will be construed *Page 759 
consistently with the theory that the judge performed his duty by considering the evidence and making a finding from it, where the issue is one for such determination. Martin v. Bank ofLeesburg, 137 Ga. 285 (8) (73 S.E. 387); Macon, Dublin Savannah Railroad Co. v. Anchors, 140 Ga. 531, 536
(79 S.E. 153); Marion County v. McCorkle, 187 Ga. 312 (2) (200 S.E. 285); Town of Woodland v. Carter Construction Co., 65 Ga. App. 547
(2) (16 S.E.2d 129).
Under the record, we can not say that the judge erred in finding against modification of the original decree, and in allowing custody to remain in the mother in accordance therewith.
Judgment affirmed. All the Justices concur.