211 So.2d 408 (1968)
Clark C. CENAC
v.
Mary Agnes POWER.
No. 7373.
Court of Appeal of Louisiana, First Circuit.
May 27, 1968.
Rehearing Denied July 1, 1968.
*409 Joseph L. Waitz, of O'Neal, Waitz & Henderson, Houma, for appellant.
Elton A. Darsey, Houma, for appellee.
Before LOTTINGER, ELLIS and CUTRER, JJ.
*410 ELLIS, Judge.
This appeal is taken by Mary Agnes Power, the former wife of Clark C. Cenac, from a judgment dated August 31, 1967, in which the custody of one of their seven children was awarded to the father, and custody of the other six children was awarded to the mother. In the same judgment, the father was ordered to pay child support to appellant in the amount of $700.00 per month.
The original judgment in this case, which was rendered on May 2, 1966, granted a divorce to Mr. Cenac on the ground of a two year separation, and awarded the custody of the seven children to the wife, together with $750.00 per month child support. Apparently, the amount of child support had been stipulated to by the parties. In addition, Mrs. Cenac was enjoined from removing the children from the State of Louisiana. In September, 1966, the parties entered into a stipulation which reads as follows:
"IT IS AGREED AND UNDERSTOOD that the parties hereto have agreed as follows:
"The judgment rendered herein on May 2, 1966, will stand between the parties as written, except that among themselves they have made the following changes: "The custody of the children will remain as stated in the judgment except that the children who desire to live with their father will be given that right with the understanding that they will so remain for the balance of any given school year and that no interim changes will be made by either of the parties.
"Clark C. Cenac will pay to Mary Agnes Power the sum of Five Hundred Fifty and no/100 ($550.00) Dollars a month beginning October 1, 1966, with the understanding that Mary Agnes Power will submit an accounting for the needs of the children at the end of two months.
"The provisions of the injunction of May 2, 1966, prohibiting Mary Agnes Power Cenac from removing the children from the State of Louisiana will be removed; however, the custody of said children shall remain subject to the jurisdiction of this Court and Mary Agnes Power Cenac will make herself available to the jurisdiction of this Court but will have full right to remove said children without further restrictions.
"The parties hereto agree that at this time it is impossible to state exactly when the children will be allowed to see the other parent; however, that arrangements will be made in good faith between them to allow the parties maximum visitation privileges."
Subsequently, Mr. Cenac filed a rule to change the custody of the children in which he set forth the provisions of the above stipulations and alleged that Connie Carol Cenac, then aged fourteen, and Clark Cyril Cenac, Jr., then aged eleven, had remained with him from September, 1966, until the close of the school year in June, 1967, and that Christy Caren Cenac, Clark Cyril Cenac, Jr., and Carey Cecile Cenac had stated that they desired to stay with their father during the school year beginning the fall of 1967; that the three children should be placed in his custody, and that the alimony should be reduced accordingly.
Mrs. Cenac then filed a rule to increase support from the amount set forth in the stipulation to $1,200.00 per month, an answer to the rule asking that the custody of all the children be granted to her, and an exception thereto which has been disposed of and which is not before this Court. Mr. Cenac in turn answered the rule for the increase in support answering that he was unable to pay any alimony other than that which he was presently paying.
After a full hearing on the rule, the district judge granted the custody of Clark Cyril Cenac, Jr. to the father, and custody of the other six children to the mother, and ordered that child support be paid in the amount of $700.00 per month. He further *411 abrogated the injunction preventing the mother from moving from the State. A perusal of the testimony in evidence in this case makes it clear that although each party has made an attempt to cast aspersions on the moral character of the other, neither was successful in establishing that fact. Neither party disputes the fact that the homes which have been provided for the children by the other have been adequate for their needs.
The law applicable is set forth in the case of Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955), which holds that the welfare of the child is the prime consideration; that the question of custody may be inquired into at any time; and is subject to modification when a change in conditions demands it. It further holds that the party desiring the change must show that the conditions under which the child is living are detrimental to its best interest, and that a better environment can be furnished by the applicant.
We further recognize the case of Farr v. Emuy, 121 La. 91, 46 So. 112, 15 L.R.A.,N.S., 744 (1908), which holds that a party who has custody by virtue of a court order cannot transfer it to another by written agreement, and that such an agreement cannot operate as a bar to recovery of custody. See Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966). However, the existence of such an agreement, and the circumstances surrounding its execution are certainly factors which may be considered in making a custody determination.
The desires of a child are also a factor to be considered, along with the other circumstances, but are not to be considered as binding on the Courts or determinative of the question. Rose v. Rose, 177 So.2d 659 (La.App. 3 Cir. 1965). In such cases, the conclusions and findings of the district judge are entitled to great weight, and will not be set aside unless he has abused his discretion.
In this case, there has been a major change in the conditions relative to Clark C. Cenac, Jr., in that he was permitted to live with his father by his mother, and, at the time of the hearing had been with him for twenty-one months. We are not, therefore, dealing with a situation in which a physical change of custody is sought, but one in which the father is attempting to have formalized by judgment the informal and legally ineffective arrangement made by himself and his former wife.
The district judge, who talked to the boy, and who heard the evidence in this case, found him to be happy and well adjusted with his father, and that he preferred to stay with his father. The judge was of the opinion that it would be in the best interest of the boy to allow him to remain there. It would not appear to be in the best interest of a child to have him moved from one home to another at the whim of one of his parents. In this case, young Cenac has been with his father for almost two years, and wishes to remain there. He is secure, well-adjusted and happy. Under those circumstances, we feel that the father has shown a sufficient change in circumstances to warrant a change in custody.
On the question of the increase in child support asked by the wife, we are of the opinion that the district court correctly resolved that issue. The statement of income and expenses filed in the record by Mr. Cenac shows that he cannot afford an increase at this time. It is also clear that the children are adequately provided for. The original child support was stipulated by the parties, and had been substantially reduced by the agreement hereinabove referred to. No change in circumstances was shown by the wife sufficient to justify the increase sought. We find that she failed to carry the burden of proof of showing either ability to pay more or increased need on the part of the children. Civil Code Article 231; Qvistgaard-Petersen v. Qvistgaard-Petersen, 135 So.2d 669 (La.App. 2 Cir. 1961)
*412 On the other hand, Mr. Cenac has one of the children now living with him. This, we believe, justifies the reduction by the district judge in the judicially fixed alimony from $750.00 per month to $700.00 per month. Civil Code Article 232; Holman v. Holman, 219 La. 138, 52 So.2d 524 (1951).
The judgment appealed from is, accordingly, affirmed at appellant's cost.
Affirmed.