JODY CRAIG FALCON
v.
JALIA COLLEEN REA FALCON.
No. 2008 CU 0925.
Court of Appeals of Louisiana, First Circuit.
September 12, 2008.
JODY CRAIG FALCON, Plaintiff-Appellee, Pro-Se.
MARY GRACE KNAPP, CHRISTINE VOELKEL, Attorneys for Defendant-Appellant, Jalia Colleen Rea Falcon.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
This is a child custody dispute. The mother, Jalia Colleen Rea Falcon (Ms. Falcon) appeals the trial court judgment reinstating a previouslyrendered consent judgment awarding joint custody with co-domiciliary status, decreeing that the children would reside primarily with the father, Jody Craig Falcon (Mr. Falcon). Finding no error in the trial court's judgment, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 3, 2006, the Falcons entered into a consent judgment with respect to the custody of their two children, Cade and Ty, after their divorce.[1] The consent judgment signed on May 12, 2006, stipulated that the Falcons would share joint custody of the children with co-domiciliary status, but that the children would reside with Mr. Falcon. The consent judgment further stipulated that birthdays and holidays would be shared and that Ms. Falcon would have physical custody of the children every other weekend, one night during the week, and one month during the summer.
Approximately ten months later, the Falcons voluntarily altered the custody arrangement by executing a notarized written agreement dated March 7, 2007, whereby they agreed that the children would reside with Ms. Falcon on weekdays and every other weekend, and Mr. Falcon would have physical custody on the alternate weekends. The new agreement was primarily the result of some discipline and adjustment issues regarding the Falcon's oldest child and Mr. Falcon's new wife. However, the new agreement was never converted into a formal consent judgment that was rendered by the trial court.
Shortly after the new arrangement was agreed upon, Mr. Falcon proposed that he have primary physical custody of the youngest child and Ms. Falcon have primary physical custody of the oldest child. Ms. Falcon did not agree to Mr. Falcon's proposal of splitting the children, prompting Mr. Falcon to decide that he wanted to revert back to the original consent judgment. As a result of continuing disagreements over the physical custody of the children, Ms. Falcon filed a motion for an interim order in the trial court requesting primary physical custody of the children in accordance with the non-judicial custody agreement. Ms. Falcon maintained that it was in the best interest of the children since they were primarily residing with her in accordance with the March 7, 2007 agreement.
On August 1, 2007, the trial court granted an ex parte order awarding Ms. Falcon provisional domiciliary status of the children in accordance with the March 7, 2007 agreement pending further court proceedings.[2] On November 28, 2007, the trial court held a hearing regarding the custody issue, listened to testimony from the parties and several witnesses, and received evidence of the March 7, 2007 agreement, the children's school records, and a social worker's recommendations. Immediately following the hearing, the trial court rendered judgment in favor of Mr. Falcon, vacating the ex parte custody order that had been previously rendered and orally assigning reasons for the parties to revert back to the original May 12, 2006 consent judgment. The trial court maintained primary physical custody with Mr. Falcon, because it believed "the father has the more stable environment at the present time." A judgment was signed on December 18, 2007, in accordance with the trial court's oral reasons.
Ms. Falcon appealed the trial court's judgment, arguing that the trial court abused its discretion because it did not make any factual or legal determinations as to whether Ms. Falcon proved a change of circumstances or what was in the best interest of the children. For the following reasons, we find no merit to Ms. Falcon's assignment of error.

LAW AND ANALYSIS
When a party seeks modification of a stipulated or consensual custody judgment, as is the case herein, that party's burden of proof is twofold. The party must first prove that there has been a material change in circumstances (also referred to as a change in circumstances materially affecting the welfare of the child) since the original consent judgment. The party must also prove that the proposed modification of the existing custody arrangement is in the best interest of the child. Cedotal v. Cedotal, 05-1524 (La. App. 1 Cir. 11/4/05), 927 So.2d 433, 436; Shaffer v. Shaffer, 00-1251 (La. App. 1 Cir. 9/13/00), 808 So.2d 354, 356-357, writ denied, 00-2838 (La. 11/13/00), 774 So.2d 151.
Every child custody case must be reviewed within its own peculiar set of facts and circumstances. The trial court's factual determinations cannot be set aside in the absence of manifest error or unless those findings are clearly wrong. Furthermore, the trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Pinegar v. Harris, 06-2489 (La. App. 1 Cir. 5/4/07), 961 So.2d 1246, 1252; R.J. v. M.J., 03-2676 (La. App. 1 Cir. 5/14/04), 880 So.2d 20, 23.
Following a thorough review, we conclude the record does not demonstrate that the trial court's judgment is legally incorrect or clearly wrong, or that the trial court abused its discretion in maintaining the original consent judgment dated May 12, 2006. Contrary to Ms. Falcon's assertions that the trial court did not consider whether there had been a change in circumstances materially affecting the welfare of the children, the record reflects that the trial court limited the testimony to events that occurred after the May 12, 2006 consent judgment. The trial court specifically ruled that "[a]nything that happened before that would not be a change in circumstances." Also, both Falcons and several witnesses testified that the discipline/adjustment issues with the oldest child that led to the informal written agreement changing primary physical custody had resolved and were no longer problematic.[3] After listening to all of the testimony regarding the best situation for the children and reviewing the evidence, the trial court found that "either parent probably would make a good domiciliary parent for the children," but Mr. Falcon provided "a more stable environment." It was not necessary that the trial court recite the exact words of the standard it clearly applied. Thus, we find no error or abuse of discretion in the trial court's ruling that the original consent judgment awarding joint custody and co-domiciliary status, with Mr. Falcon having primary physical custody of the children, was in the best interest of the children.[4]

CONCLUSION
The judgment of the trial court is affirmed, and all costs associated with this appeal are assessed to appellant, Jalia Colleen Rea Falcon. This memorandum opinion is issued in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1B.
AFFIRMED.
NOTES
[1] The Falcons" judgment of divorce was granted on June 23, 2004.
[2] The record contains a memorandum in support of a motion to vacate the ex parte custody order wherein Mr. Falcon requested that the original May 12, 2006 consent judgment be reinstated.
[3] Additionally, we recognize that a party who has custody by virtue of a consent judgment cannot transfer custody to another by an informal written agreement and that such an informal agreement cannot operate as a bar to recovery of custody. However, the existence of such an informal agreement and the circumstances surrounding its execution are factors which may be considered in making a custody determination. See Cenac v. Power, 211 So.2d 408, 411 (La. App. 1 Cir.), writ denied, 215 So.2d 123 (La. 1968).
[4] We also note that although the social worker's recommendation was that Ms. Falcon should have primary physical custody of the children, the trial court is not bound to follow the recommendations of an expert. See Shaffer, 808 So.2d at 359. We find no abuse of discretion in the trial court's rejection of the social worker's recommendation.