## MILLIGAN *et al. v.* FORTSON.

BECK, J. The undisputed evidence in the case required a finding that the respondent was a resident of the third ward in the city of Augusta at the time of his election, and that he had his domicile there; and further, that he had not done any act to change either his legal residence or domicile. The court did not err in denying and dismissing the petition of the plaintiffs for leave to file pleadings in the nature of a quo warranto.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted March 3,—Decided July 27, 1906.

Quo warranto. Before Judge Hammond. Richmond superior court. February 9, 1906.

Milligan and others made application to the judge of the superior court of Richmond county, for leave to file a petition in the name of the solicitor-general, for the writ of quo warranto against Samuel A. Fortson, requiring him to show by what warrant he was undertaking to fill the office of member of the City Council of Augusta. In response to a rule to that effect, Fortson made answer to the application; and after hearing argument of counsel and considering the answer of respondent and affidavits supporting the same, the judge refused to grant the applicants leave to file their petition for quo warranto and dismissed their cause. The following, from the written opinion filed by the judge below, presents a fair statement of the facts in the case: "In October, 1905, Fortson

put tenants in possession of his house in Augusta for a term of one year; he, with his family and effects, moved into a house in Summerville which he rented for one year. There is no denial of these facts by Fortson, but in his answer he sets up these further facts: that for the past nine years he has been a resident of Richmond county, and for four years a resident of the third ward of the city of Augusta; that his property is located, and returned for taxes, and taxes paid thereon, in the city of Augusta; that he is an officer of the Lombard Iron Works and Supply Company, whose manufactory is located in the third ward, and that there he spends the working hours of each working day; that on account of the illness of his wife he was ordered by his family physician . . to take her for a season, particularly for the winter months, to the Summerville heights; that he was obliged to rent a house there for a year, because he could not rent one for a shorter period; that he could not financially afford to leave his house in Augusta unrented, yet it was impossible to rent it for a shorter period than one year; that the rental by the year of the house in Summerville, and his house in Augusta, was not a matter of choice with him, but a condition forced upon him by the rental custom existing in the two places; that the sole object of his leaving his house temporarily in Augusta, and removing to one in Summerville, was the restoration of his wife's health; that this temporary sojourn in Summerville was experimental, and contingent upon his wife's condition of health; that should the experiment fail, it was his intention to return to Augusta and remain in the house of a relative in the third ward until he could secure possession of his own residence; that he declined to entertain a proposition made to him by . . a real estate agent, for the sale of his house, and that in renting it he reserved the right, and actually availed himself of it, to leave and to store therein certain household and personal effects which he did not need in the house rented in Summerville; that since his occupation of the house in Summerville, he has assumed none of the burdens nor exercised any of the rights incident to resident citizenship in that municipality, but that on the contrary he has exercised all of the rights and borne all of the burdens incident to resident citizenship in the city of Augusta; that it is not now, nor has it ever been, his intention to acquire a legal residence or domicile in Summerville, or to lose that which he had in Augusta; that the object and

purpose of the temporary removal of his family was declared and published to the voters of the third ward, who, with full knowledge of the facts, elected him to council." The facts are not disputed. Fortson moved to Summerville in October, and was elected the following December as member of council for the third ward of the city of Augusta. Annexed to the application of the plaintiffs are copies of various portions of different ordinances, among them being the following: "The qualifications of a member of council are, that he shall have the same qualifications as a member of the House of Representatives of the State legislature (namely, that he shall be a citizen of the United States who has attained the age of twenty-one years, shall have been a citizen of the State of Georgia for two years, and a resident of the county of Richmond in said State for one year); that he shall be a citizen of the ward for which he is elected; and that he shall not hold any office or appointment under council, or be interested in any contract with council." "Any member of council accepting any office or appointment, Federal, State or county, or becoming interested in any contract with council, or removing from the city or from the ward for which he was elected, thereby vacates his seat in council; and if any member of council be absent from the city two months at any one time, without leave of council, council may declare his seat vacant." "That each of the wards in said city shall be entitled to three members of the city council . . [who] shall be residents of the ward they are designated to represent."

The case came to the Supreme Court upon exceptions of the plaintiffs to the dismissal of their application.

*Joseph B. & Bryan Cumming,* for plaintiffs.

*Lamar & Callaway* and *C. Henry Cohen,* for defendant.