### 3775.  BUSH v. THE STATE.

1. The right of one whom the court judicially knows to have been legally appointed and commissioned as solicitor of a city court can not be brought in question by plea in abatement to an accusation drawn by him.

2. The removal of an officer from the county for which he was elected or appointed, to another county in this State, does not vacate the office, until the fact has been judicially ascertained.

DECIDED FEBRUARY 12, 1912.

Accusation of gaming; from city court of Miller county—Judge Bush.    October 3, 1911.

*W. I. Geer,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.

RUSSELL, J. Before the arraignment of the plaintiff in error he filed a plea in abatement, which the court struck, and this ruling is the ground of exception presented by the writ of error. The plea in abatement conforms to the requirements laid down in *Mc-Rae* v. *State,* 71 *Ga.* 99, *Mize* v. *State,* 135 *Ga.* 295 (69 S. E. 173), *Folds* v. *State,* 123 *Ga.* 167 (51 S. E. 305), and *Wall* v. *State,* 126 *Ga.* 549 (55 S. E. 484), in that it was filed at the proper time; for, this being an accusation, of course there had been no opportunity for the defendant sooner to object. However, in our opinion the court properly struck the plea in abatement, for the reason that the title of the acting solicitor of the city court could not be brought in question by this plea. The court judicially knew that Mr. Rich was the duly commissioned solicitor of the city court of Miller county, and, taking all of the allegations of the plea to be true, he was at least the de facto officer of the court. Furthermore, the plea was defective in that there was no statement that the office of the solicitor of the city court had been judicially ascertained to be vacant in a legal sense by reason of the fact that it had been judicially ascertained that Mr. Rich had moved his residence from the county of Miller to the county of Decatur. The exact point was decided by the Supreme Court in the case of *Channell* v. *State,* 109 *Ga.* 152 (34 S. E. 354), in which Justice Lewis, delivering the opinion of the court, says: "Section 229 of the Political Code [Political Code of 1910, § 264] describes how offices in this State may be vacated, and one of the methods (see subdivision 5) for vacation is, ' By the incumbent ceasing to be a resident of the State, or of the county, circuit, or district for which he was elected. In the first case the office shall be vacated immediately; in the latter cases, from the time the fact is judicially ascertained.' It is manifest from this provision that when an incumbent of an office has moved from the county for which he was elected to another county in this State, the office is not thereby immediately vacated, and does not become so until the fact has been judicially ascertained."

It can readily be seen that the court was not called upon to try two issues at once,—the validity of Mr. Rich's title to the office, and the guilt of the accused,—in one and the same proceeding. The proper method of testing the validity of Mr. Rich's title was by

quo warranto, brought by any one interested in the office; and, as ruled by the Supreme Court, any citizen may file the writ, because all are interested in the proper discharge of the duties of the office, and the proper qualifications of the incumbent. *Whitehurst* v. *Jones*, 117 *Ga.* 803 (45 S. E. 49), and cases cited. However, loss of citizenship does not result from a change of residence not intended to be permanent. By demurring to the plea in abatement the solicitor of the city court admitted, for the purposes of that particular hearing, that he had changed his residence; but it is not altogether clear, from the allegations of the plea, that if the plea had not been demurred to, the evidence would have sustained the proposition that the office had become vacant by the removal of Mr. Rich from the county of Miller to the county of Decatur. There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence. While it is provided in the Civil Code, § 2181, that the domicile of a married man shall be the place where his family resides, the wife (if there be only a wife) or the wife and family may, for purposes of temporary convenience, or recuperation from ill health, or for the purpose of educating the children, reside for a long time at a place not intended as a permanent abode, without effecting any change of legal residence; this for the reason that while there is a physical removal, there was never, on the part of those who moved, an intention to abandon a former domicile.

*Judgment affirmed. Pottle, J., not presiding.*