19989. SMITH *et al. v.* ELLABELLE-ELDORA SCHOOL DISTRICT.

DECIDED NOVEMBER 14, 1929.

*George H. Richter,* for plaintiffs in error.
*J. T. Grice, solicitor-general, J. P. Dukes,* contra.

JENKINS, P. J. This was a proceeding to validate school bonds. The return of the election managers showed that there were 222 registered voters on the voters' list; that 132 votes were cast for bonds, and 59 votes were cast against bonds. Objection was made to the validation of the bonds, on the ground that 24 voters whose

names appeared on the list of voters and who voted for bonds were illegally registered, in that they were registered by the county school superintendent, who, it was contended, was illegally acting as clerk to the tax-collector under an appointment as such, and not by the tax-collector or his clerk as required by law. Under the undisputed evidence not more than 16 of the voters thus registered voted in the election. Another vote cast for bonds was attacked on the ground that the voter did not reside in the school district at the time of the election, and two votes cast against bonds were attacked on the same ground, the evidence being undisputed that these two voters had moved out of the county and into a newly constructed home in another county several months before the election was held. The judge of the superior court entered a judgment validating and confirming the issue of bonds.

Whether or not the voters who were registered by the county school superintendent while acting as clerk for the tax-collector were not legally registered, under section 259 of the Civil Code (1910), the judge of the superior court was authorized to find that not more than sixteen of the votes cast for bonds were cast by persons registered by the school superintendent. He was further authorized to find that one vote cast for bonds was cast by a person who was not a resident of the school district, and that two votes cast against bonds were cast by persons who were not residents of the district. In the absence of any showing to the contrary, the evidence authorized the finding by the court that such latter persons had removed from the county in which the school district was located, with the intention of remaining in the county to which they removed and there acquiring a domicile. See, in this connection, Civil Code (1910) §§ 2182, 2186; *Worsham* v. *Ligon,* 144 *Ga.* 707 (2) (87 S. E. 1025); *Bush* v. *State,* 10 *Ga. App.* 544, 546 (73 S. E. 697). Accordingly, with such votes eliminated, even excluding all the votes for bonds claimed to have been illegally registered, the result of the election showed 115 votes for bonds, and 57 votes against bonds. The votes thus cast for bonds being two thirds of the legal votes cast in the election, and a majority of the total number of voters appearing on the registration list, the court did not err in confirming the issue of bonds.

*Judgment affirmed. Stephens and Bell, JJ., concur.*