AVERY *v.* BOWER.

No. 7044.   FEBRUARY 26, 1930.

P. D. *Rich,* for plaintiff.

*Bower & Bower* and *A. B. Conger,* for defendant.

. PER CURIAM. ■ Eligibility to hold office is the general rule. Ineligibility is the exception. The right to hold office is a political privilege. The Civil Code (1910), § 258, subsections 1 to 8, inclusive, provides exceptions to the general rule. Subsection 1 makes all persons ineligible who are not citizens of this State. Subsection 7 provides that no person shall be eligible to hold any county office in any county of this State, unless he shall have been a bona fide resident of the county in which he shall be elected or appointed at least two years prior to his election or appointment, and is a qualified voter, entitled to vote. The petition alleges that the defendant is "a bona fide resident of the City of Bainbridge" and "has been residing in said independent school district of Bainbridge for several years." In another paragraph of the petition it is alleged that "voters residing within the limits of said independent school district are ineligible to vote in any primary or election for county school superintendent." This paragraph, in substance, states a part of the school law of this State, as declared in the act of 1919 (Ga. L. 1919, p. 349, § 147). Thus it will be seen that there is no contention that the defendant Bower is not a citizen of the State and county, nor that he has not resided in the county for the time required for eligibility to hold the office. Nowhere in the petition is it expressly alleged that defendant Bower is a voter of the City of Bainbridge in which there is an independent school district. Petitioner depends, therefore, upon a conclusion, that if Bower resides in the City of Bainbridge he must therefore be a voter therein, thus falling within the inhibition against voters of such independent school system taking part in an election for county school superintendent.

"Residence" and "domicile" are not synonymous and convertible terms. A man may have several residences, but only one place of domicile. There must be a concurrence of actual residence and the intention to remain, to acquire a domicile. *Worsham* v. *Ligon,* 144 ·*Ga.* 711 (87 S. E. 1025). Neither residence nor domicile, standing alone, furnishes the qualifications for the privilege of vot-

ing. Even one who has established citizenship, which is broad enough to include both residence and domicile, within a county of this State, must perform other public duties such as registration before he is a qualified voter, as provided by the constitution and laws of Georgia. Civil Code (1910), § 6395 et seq. (Constitution, art. 2, sec. 1, par. 1). Therefore the allegation that the defendant was "a resident" within the City of Bainbridge and the Bainbridge independent school district is not the equivalent of an allegation that he is a voter of such independent school district. The General Assembly did not see fit to require its county school superintendents, at the time of their election or during their incumbency, to reside outside of an incorporated city or an independent school system. The law provides that "The Governor shall reside at the seat of government during his term of office." Civil Code (1910), § 166. Also, "All officers of this State must reside therein, at such places as are designated by law." § 261.

It is significant that in the case of a county school superintendent it did not fix a place of residence. The statute does prescribe his qualifications. Ga. Laws 1919, pp. 288, 350; Michie's Code § 1551(167). It is provided that voters in such independent school district may not vote for county school superintendent. It is quite conceivable that the General Assembly anticipated that it would serve the best interests of the public for a county school superintendent to reside at the county seat. Most county seats are within incorporated municipalities, where there are independent school districts. In fact the law does provide that the office of the county school superintendent shall be at the county seat. Ga. Laws 1919, p. 352. It is reasonable to suppose that if a county school superintendent did not reside at the county seat prior to his election, for convenience of the public and efficiency of the public official, he would reside where he was required to keep an office. For these reasons it would appear that the General Assembly, for good and sufficient reasons, did not intend to bar from that office persons residing within an independent school district. It merely intended what is declared, that the voters of the independent school district, who neither patronize nor support the public schools of the county, should have no voice in the election of the county school superintendent. A statute pleaded as a barrier to eligibility will be strictly construed and strictly applied, and the petition, with respect to a

demurrer, will be construed most strongly against the pleader. These are well-established and proper rules. Thus construed, the allegation that Bower "resided" in the City of Bainbridge is not the equivalent of an allegation that he was a voter in such independent school district, and does not allege a cause of action.

■ The petition alleges "that by reason of the legal domicile of the said Roland Bower being in said independent school district, and not being a qualified voter for said office of county school superintendent, he is ineligible to become a candidate for said office, and also is ineligible to hold said office." This, though not such an express allegation as good pleading would require, will be construed to mean that Bower is domiciled in Bainbridge. Thus construed, the petition was not subject to general demurrer. "Domicile," unlike "residence," means a permanent place of abode (Civil Code, § 2181), whereas "residence" is not necessarily permanent, and may be at some place other than the place of domicile. The two words are frequently used carelessly to convey the same idea, as will be found in our statutes with regard to registration and voting. One must vote at the place of his domicile. He may be temporarily residing elsewhere. The constitution of Georgia fixes the requirements of the voter as to the length of time he must reside in the State and county, but not so with regard to political subdivisions of the counties. Civil Code (1910), §§ 6396, 6397, 6398. The requirements as to subdivisions such as the voting precincts or districts are regulated by statute. The Civil Code (1910), § 36, provides that the voter in registering must state the district or ward of the city in which he "resides." The word "reside" here is used in the sense of "domicile." Wherever the word "reside" occurs either in the statutes or in the constitution of Georgia with respect to voting, it should be construed to mean "domicile." One domiciled in a country district and properly registered may vote at the county seat if he swears that he has not voted elsewhere (Civil Code (1910), § 69), but there is no provision for one domiciled in the county seat to vote in any other precinct or district of the county. It being alleged that Bower is domiciled in the City of Bainbridge, which is the county seat, and on demurrer that allegation being accepted as true, it follows that he can not vote in any precinct other than the county seat. Since voters in the independent school district, which is the City of Bainbridge, under the

statute, can not vote in an election for county school superintendent (Ga. Laws 1919, p. 349, § 147), it necessarily follows that the defendant, under the allegation, is not a qualified voter entitled to vote, and for that reason he is not eligible to hold the office in question. Civil Code (1910), § 258, subsection 7.

■■ Headnotes 3 and 5 do not require elaboration.

■ The ninth ground of demurrer is as follows: "Because it appears upon the face of the petition that the same is based on that sentence of section 147 of the Code of School Laws (Acts of 1919, page 347, Georgia Code of 1910, section 1551(165)), reading as follows: 'provided, if there is in the county one or more independent school systems not under the supervision of the county superintendent, the voters of such independent system or systems shall not vote in the election for county superintendent,' which part of said act above quoted is derogatory of, in conflict with, and contrary to article 2, section 1, paragraph 2, of the constitution of the State of Georgia, and is therefore void and without force and effect, and should be so declared." This paragraph of the constitution is section 6396 of the Code of 1910. The eleventh and twelfth grounds of demurrer are precisely the same, except that they refer to other paragraphs of the constitution, found in the Civil Code §§ 6397, 6398. Each of these grounds uses the language merely that the act referred to is "derogatory of, in conflict with, and contrary to" the designated paragraphs of the constitution. The tenth ground of demurrer uses the same language, that is, that the law in question is "derogatory of, in conflict with, and contrary to article 2, section 4, paragraph 1" (Code § 6391), "and is therefore void and without force and effect." In this ground there is what appears to be an unintentional error. The section of the constitution mentioned constitutes Civil Code section 6406, and not 6391. Section 6391 refers to art. 1, sec. 4, par. 1, and therefore is in a different article of the constitution. It can not be determined which of these paragraphs the pleader intended to designate. However, that fact can make no difference in the result, since the language employed in all four of these grounds of demurrer fails to point out the conflict with the constitution, and is altogether too vague and indefinite to raise any question as to any of the paragraphs of the constitution. In *Spielberger* v. *Hall*, 159 *Ga.* 511 (126 S. E. 391), Chief Justice Russell discussed quite fully, and

made quite clear, what is necessary to raise a constitutional question, and it is unnecessary to repeat what was there said. A reference to that opinion will demonstrate that the demurrers in this case are wholly insufficient to raise such question for determination.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent for providential cause.*