## MADISON *v.* MONTGOMERY.

No. 16785. OCTOBER 11, 1949. REHEARING DENIED NOVEMBER 18, 1949.

202

*B. Frank Whelchel, John I. Kelley, Frank Grizzard,* and *Everett C. Brannon,* for plaintiff.

*C. D. Stewart* and *Sloan & Telford,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.)  Since no contention is made to the contrary, we will deal with the instant case upon the assumption that the effect of the decree rendered in the divorce and alimony case between these parties was to award custody and control of the child presently involved to his mother. In cases of this character there is always one person not at fault, namely, the unfortunate child. Therefore our first consideration of the case will relate to the disposition which the trial judge made of him. The mother earnestly insists that a court of competent jurisdiction has previously decreed

that she should have custody and control of the child, and that the trial judge has, under the facts of the case, abused his discretion in making a different award. More than four years have passed since the original judgment was rendered, and the father contends that the circumstances surrounding his son have materially changed. In other words, he claims that the mother by her personal misconduct has broken faith with the court as parens patriae of the child and forfeited her right of custody and control. It is well settled by numerous decisions of this court that a judgment like the one heretofore rendered respecting this child is conclusive between the parties, and the principle of res judicata is applicable, unless a material change of circumstances substantially affecting the welfare and best interest of the child is made to appear. *Handley* v. *Handley,* 204 *Ga.* 57 (48 S. E. 2d, 827). But the conclusiveness of such a judgment, as this court has so frequently held, relates to the status of the parties as it existed when the judgment was rendered. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282); *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129); *Handley* v. *Handley,* supra. This court has also consistently said that altered circumstances may render a change in custody necessary in order to promote the health, happiness, or welfare of the child (*Milner* v. *Gatlin,* 143 *Ga.* 816, 85 S. E. 1045, L.R.A. 1916B, 977); and in determining whether or not there has been such a change, the trial judge is vested with a discretion which will not be controlled by this court unless it is abused. *Good* v. *Good,* 205 *Ga.* 112 (52 S. E. 2d, 610). After carefully and sympathetically examining the evidence in this case, we have reached the very definite conclusion that the trial judge was fully authorized to find therefrom that the circumstances surrounding the child here involved required a change in custody; and since the evidence shows that the father is a person of exceptionally fine character, there was no abuse of the discretion which the law has so wisely reposed in the trial judge in awarding custody to him. In fact, we think, and so hold, that the evidence, when considered as a whole, with all reasonable inferences or deductions which may be drawn therefrom, demanded such a finding.

■ We deal next with the contempt feature of the case. It is alleged in the petition that the defendant wilfully and delib-

erately violated the decree of January 15, 1945, by interfering with the plaintiff's lawful possession and control of their child, and by failing and refusing to pay the alimony instalments of $40 each, which had been past due since January 1 and February 1, 1949. It is, of course, unnecessary to cite authority for the proposition that a wilful failure or refusal to comply with the orders, judgments, or decrees of a court constitutes contempt, for which the offender may be punished. Respecting the plaintiff's contention that the defendant had wilfully interfered with her custody of the child in question, the evidence was in sharp conflict. She testified positively that the defendant had taken the child away without her consent, and he testified just as positively that it was done with her full knowledge and consent. The trial judge was the trior of that issue. He passed upon their respective credibility as witnesses; it was his province to do so. He saw them, heard them testify, observed their conduct and demeanor during the trial, and very likely knew them. As to this, he saw fit to believe the defendant's testimony, rather than that of the plaintiff, and we have no right or desire to control his findings. *Smith* v. *Tindol*, 179 *Ga.* 801 (177 S. E. 588). Concerning the allegation that the defendant had not paid certain past-due alimony instalments, the judge also declined to find the defendant guilty of contempt, and what we have said immediately above with reference to his province in passing upon an issue of fact, applies with equal force to this. The defendant, as the record shows, testified that he had paid all alimony due by him up to the present time, and on the basis of $40 per month he had as a matter of fact overpaid the instalments by "about" $25. The plaintiff, on cross-examination, said: "I testified that Louis [the defendant] was one month behind with his alimony payments at the time the papers were filed. I had testified in the former trial that my alimony had been paid up in full, but I don't know; that is true except for the times he didn't pay it, and what he thought was a reasonable excuse for not paying it for several years. He has been paying me as alimony $40 a month. Except for some arrearage which I am not sure of for several years, my alimony has been paid up with the exception of one month. All of the monthly payments have been at the rate of $40 a month for each and

every month. I married Mr. Madison on March 15, 1945. Louis has continued to pay me $40 a month from March 15, 1945, up to the present time with the exception of one month." Accordingly, since the evidence was unquestionably sufficient to authorize the findings made upon these issues of fact, there is no merit in the contention that the judge erred in refusing to adjudge the defendant in contempt. And under any view which may be taken of the evidence respecting the plaintiff's contention that the defendant had wilfully refused to comply with the terms of the decree by not paying the amounts due thereunder, it affirmatively appears that the defendant, except for one month, has paid the plaintiff $40 monthly, and for each and every month, since her remarriage to her present husband on March 15, 1945. If we are to follow—and the writer speaking for himself thinks we should—the majority opinion in *White* v. *Murden,* 190 *Ga.* 536 (9 S. E. 2d, 745), where this court by a divided bench held that an allowance for alimony for the use and benefit of a divorced wife, payable in monthly instalments, ceases to be an obligation of the former husband upon her remarriage, it would necessarily follow in this case that the amounts previously paid by the defendant are far in excess of what he was required to pay under the law in satisfaction of the decree as of the date this proceeding was filed.

In the circumstances of this case, there is no merit in the contention that the judgment complained of should be reversed because the plaintiff's counsel were denied the right to present arguments to the court. We, of course, recognize the right of argument to be a valuable and substantial one which all litigants have in the trial of cases. Mr. Justice Bleckley, who delivered the opinion for this court in *VanDyke* v. *Martin,* 55 *Ga.* 467, has so clearly expressed our view of the tremendous value of this right that we cite the case here, not only as authority for what we have just said, but with a hope that all of the judges of this State will read it again and follow it as a sound rule of procedure and practice in the trial of all cases. But the right of argument, like other rights, even the right of trial itself (*Sarah* v. *State,* 28 *Ga.* 576), may be waived; and in the present case the facts concerning the occurrence about which complaint is made, as shown by the judge's certificate which is

not to be questioned in a court of review (*Spear* v. *State*, 17 *Ga. App.* 540 (1), 87 S. E. 826), in our opinion, show that the plaintiff's counsel by conduct waived the right to present argument when the trial judge offered to vacate the judgment now complained of and hear arguments from both sides. In his offer to correct an error, if one had in fact been committed, we will not impute to the trial judge any motive other than one to give the parties an opportunity to present arguments, if they desired to do so, before final judgment was pronounced in the case.

For no reason assigned in the present case is the judgment complained of erroneous.

*Judgment affirmed. All the Justices concur.*