### 26704. CLARK v. HAMMOCK et al.

NICHOLS, Justice. A quo warranto proceeding was brought to have the office of the respondent, a school board member, declared vacant upon the ground that she had vacated such office by moving her domicile from the district which she represented. The jury found against the respondent, her motion for new trial was overruled and the present appeal filed. *Held:*

1. The trial court instructed the jury: "There must be a concurrence of actual residence *and* the intention to remain to acquire a domicile."

Accordingly, the refusal of the trial court to charge this principle of law in the exact words requested by the respondent where it was adequately covered by the general charge is not cause for reversal. Compare *Jackson v. State,* 225 Ga. 553 (7) (170 SE2d 281); *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52).

2. Under the Act of 1967 (Ga. L. 1967, p. 3152) creating the Pike County Board of Education (for results of referendum see Ga. L. 1968, p. 171-A), a vacancy occurs on the board when a member moves his residence from the district he represents. The word residence used therein refers to domicile.

(a) "Basic to the question of domicile here are the following Code sections: 'The domicile of every person of full age,

and laboring under no disability, is the place where the family of such person shall permanently reside. . . If he has no family . . . the place where such person shall generally lodge shall be considered his domicile.' *Code* § 79-401. 'The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining. A declaration of an intention to change the domicile is ineffectual for that purpose until some act is done in execution of the intention.' *Code* § 79-406.

"In *Worsham v. Ligon,* 144 Ga. 707, 711 (87 SE 1025), this court, after reciting material portions of the above statutes, elaborated as follows: 'If a person actually removes to another place, with the intention of remaining there for an indefinite time as a place of fixed domicile, such place becomes his domicile. If a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take up an actual residence elsewhere with the avowed intention of making a change in his domicile, he will not be considered as having changed his domicile. [Citations] But if a person changes his domicile without any present intention of removing therefrom, it is none the less his domicile, although he may entertain a floating intention to return, or to move somewhere else at some future period.'" *Smith v. Smith,* 223 Ga. 551, 553 (156 SE2d 916). See also *Williams v. Williams,* 191 Ga. 437, 438 (12 SE2d 352); *Williams v. Williams,* 226 Ga. 734, 736 (177 SE2d 481).

3. The evidence adduced upon the trial of the case disclosed that the respondent, together with her family, removed their residence from the education district in Pike County which she had been elected to represent with an intention to return to such education district, but such intention was a floating intention, an intention to return when suitable housing could be found. Unlike the situation in *Milligan v. Fortson,* 126 Ga. 15 (54 SE 915), and *Peacock v. Collins,* 110 Ga. 281 (34 SE 611), here no evidence was adduced of the respondent having main-

tained any furnishings or property in education district number 2 of Pike County, or of having a declared intention to remain outside the district for a limited time, or for a limited purpose other than the availability of suitable housing.

Assuming, but not deciding, that the jury would have been authorized to find that the respondent had not changed her domicile, yet it cannot be held that the evidence did not authorize the verdict, and the judgment of the trial court overruling the respondent's motion for new trial on the usual general grounds was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 7, 1971—
REHEARING DENIED OCTOBER 21, 1971.

*Webb, Parker, Young & Ferguson, Harold T. Daniel, Jr., Lambdin & Smith, Charles E. Lambdin,* for appellant.
*Christopher & Futral, Claude Christopher,* for appellees.