47516.   ROBERTS v. FARMER et al.

Clark, Judge. This appeal is by the plaintiff below, payee of a promissory note under seal, from a judgment rendered for defendants-makers by a trial judge sitting

without a jury whose ruling was based upon his finding there was no consideration for the execution of the note. The facts are succinctly stated by Hon. Jack B. Smith in his judgment from which we quote as follows:

"On July 2 of 1969, the plaintiff filed a suit on a note against the defendants Egbert E. Farmer and Clara B. Farmer. The note was dated August 18, 1956, and due August 18, 1957, in the principal sum of $1,806, bearing interest at the rate of 6% per annum. The defendants filed their verified answer denying the note and the additional defenses of nudum pactum and failure of consideration.

"On April 17, 1972, the case came on regularly to be heard before this court without the intervention of a jury. The plaintiff's evidence consisted of proving the execution of the note on cross-examination of the defendants who admitted to their signature, but could not remember having signed the note.

"The plaintiff then sought to prove that the consideration as set forth in said note was for moneys which he had expended for the defendants in their behalf. These sums were for various attorney's fees, food, clothing, shelter and court costs.

"The defendants' evidence consisted of denying that the plaintiff had ever expended any sums whatsoever for their benefit, and if he had, it was done without their knowledge, authorization or consent. The defendant Clara B. Farmer testified that the plaintiff had never provided her with food and clothing and had never paid any attorney's fees for her. She testified that she had lived with the plaintiff for a short period of time, but that she had paid rent for that period of time.

"The defendant Egbert E. Farmer testified that he had worked for the plaintiff off and on for a number of years and that to his knowledge, the plaintiff had never expended funds on his behalf for which he had not been repaid. The defendant Egbert E. Farmer testified that when he signed the note in question the plaintiff told

him that it was for his records only, and that the defendants would never be expected to pay said note recognizing that no consideration had flowed from the plaintiff to defendants for the execution of the note.

"Thus, the issue created by the evidence for this court to decide was whether or not the defendants received any money whatsoever from the plaintiff as consideration for the execution of the note in question."

In addition to contending the judgment was against the weight of evidence there are three other enumerations of error with which we will deal in our opinion. *Held:*

1. "Where the issue was tried by a judge without a jury this court will not disturb his finding if there is any evidence to support it. *Madison v. Montgomery*, 206 Ga. 199 (2) (56 SE2d 292). If there is conflict in the evidence, that view of it must be taken on appeal which is most favorable to the prevailing party. *City of McRae v. Folsom*, 191 Ga. 272, 277 (11 SE2d 900)." *Baker v. State of Ga.*, 123 Ga. App. 394 (3) (181 SE2d 288).

In question here was the credibility of the witnesses and the weight to be given their evidence. When this exists with the judge trying the matter without a jury then he is the sole judge as to both credibility of witnesses and weight of evidence. *Simmons v. State*, 111 Ga. App. 553 (1) (142 SE2d 308); *Baker v. State of Ga.*, supra. "The trial judge had the privilege of accepting as true that evidence which most commended itself to his approval." *Young v. Durham*, 15 Ga. App. 678 (3) (84 SE 165). See also *Linster v. Chambers*, 121 Ga. App. 799 (175 SE2d 875).

2. Although the promissory note was under seal the fact that it was executed without any lawful consideration may be shown in defense. *Empire Cotton Oil Co. v. Maxwell*, 19 Ga. App. 493 (1) (91 SE 792) and cits.; *Krueger v. Simmons*, 22 Ga. App. 210 (95 SE 718). "It is a good defense to an action on a negotiable promissory note under seal, in the hands of the original payee, that it was executed without any lawful consideration. [Cits.]"

*Mooradian v. Jackson,* 107 Ga. App. 648 (1) (131 SE2d 116). See also *Franco v. Bank of Forest Park,* 118 Ga. App. 700 (165 SE2d 593).

3. Appellant urges an error occurred in sustaining defense counsel's objection which prevented examination into the drinking habits of the defendant husband as constituting a fact involved in the execution of the note. Since such testimony would not be relevant to the question of consideration, it was properly excluded. *Code* § 38-201; *Home Finance Co. v. Bank of LaFayette,* 99 Ga. App. 873, 880 (110 SE2d 57). As was cogently stated in the early case of *Johnson v. Worthy,* 17 Ga. 420 (3): "Immaterial and irrelevant testimony should be rejected by the court."

4. Another enumeration of error deals with the trial court having sustained defense counsel's objections to written interrogatories filed by plaintiff, there being a total of 26 in number. The decision on this matter was one in the court's exercise of discretion. *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291); *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919). As was said in *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622): "Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act." We find no abuse of discretion here.

5. The final enumeration of error attacks the judgment finding there was "no consideration whatsoever for the execution of said note and there was no benefit which flowed to the defendants" on the ground that "nowhere in the pleadings of the defendants is there legally valid or properly pleaded allegata upon which to base such order and judgment." Although defendants filed both an answer and a plea of nudum pactum, both being under oath, the appellant argues that the plea of nudum pactum was improper and not entitled to consideration by the court. This contention is based upon portions of the

Civil Practice Act of 1966 codified as *Code Ann.* § 81A-107 (c) that "Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used," and *Code Ann.* § 81A-108 (c) which provides for certain affirmative defenses, including failure of consideration, to be pleaded in the answer. This enumeration is without merit. Despite the abolition of pleas as such we must remember that "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end." Maty v. Grasselli Chemical Co., 303 U. S. 197, 200 (58 SC 507, 82 LE 745). Furthermore, "no technical forms of pleadings or motions are required." *Code Ann.* § 81A-108 (e) and "all pleadings shall be so construed as to do substantial justice." *Code Ann.* § 81A-108 (f).

Although it might have been better pleaded as a part of the answer, the plea as filed informed plaintiff of the affirmative defense of failure of consideration. Thus the purpose of pleading was accomplished and statutory requirements satisfied. "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver." *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342, 346 (173 SE2d 723). See also *Ghitter v. Edge,* 118 Ga. App. 750, 751 (165 SE2d 598) where the now obsolete general demurrer was treated as a motion to dismiss for failure to state a claim.

Additionally, it should be noted that this contention was not made in the trial court and therefore cannot be considered upon appeal. *N. A. A. C. P. v. Overstreet,* 221 Ga. 16, 30 (142 SE2d 816); *Kohl v. Manning,* 223 Ga. 755 (158 SE2d 375); *House v. State,* 227 Ga. 257 (181 SE2d 31); *Gaddis v. Moss,* 117 Ga. App. 810 (2) (162 SE2d

255); *Newberry v. State*, 126 Ga. App. 81, 82 (189 SE2d 891).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED SEPTEMBER 15, 1972—DECIDED OCTOBER 4, 1972.

*James Loring*, for appellant.
*Dillard & Dillard, G. Douglas Dillard*, for appellees.