## 28029. HILLIARD v. ATKINSON.

SUBMITTED JUNE 22, 1973 — DECIDED SEPTEMBER 5, 1973.

*Congdon, Williams & Daniel, W. Barry Williams,* for appellant.

*Robert W. Wommack, D. E. McMaster,* for appellee.

GRICE, Presiding Justice. We review here a judgment removing the custody of three children from their mother and awarding it to their father, with certain visitation rights to the mother. This judgment resulted from a complaint filed in the Superior Court of Washington County, Georgia, by the father John Dawson Atkinson against the mother Elaine Pentecost Hilliard, in which he alleged that since their divorce on December 30, 1970, there has been a substantial change in the circumstances of the mother's home and personal life which materially affects the interest and welfare of their three minor children in stated particulars.

Upon the trial the judge, among other matters, was authorized to find in substance that since the divorce decree the mother has remarried and that this marriage has been filled with "turmoil, fighting, taking out

warrants, threats, cursing and general instability"; that the mother's financial condition has deteriorated; that she no longer takes the children to church; that she does not exhibit an active interest in their school activities and has not cooperated in their school affairs; that the mother had worked in Milledgeville, a distance of about 30 miles, which left little time to spend on the children's church and school affairs; that the mother has shown animosity towards him and especially his present wife in the presence of the children, using obscene language.

Three teachers testified that the children showed signs of emotional distress, and moving the children from Sandersville to Augusta, as contemplated by the mother, would be detrimental to their academic and emotional welfare while they were adjusting to their parents' divorce and present unstable circumstances; and one teacher stated that this would be "most cruel."

From the foregoing and other testimony, the trial court was amply authorized to find that there had been a substantial change in the circumstances since the custody award and that this had materially affected the welfare of the children. In the assessment of such evidence, it cannot be overemphasized that the trial judge had the benefit of seeing and hearing the witnesses testify, as has been many times recognized by this court upon review.

*Judgment affirmed. All the Justices concur.*