## 28465. KING v. SCARBOROUGH.

MOBLEY, Chief Justice. In a divorce action between the parties custody of their minor son was divided between them. The father filed a complaint against the mother alleging changes in circumstances adversely affecting the welfare of the child, and asking full custody of the child except for limited visitation rights in the mother. After hearing, the trial judge entered a judgment in accordance with the father's prayers, and the appeal is from this judgment.

1. The trial judge is vested with a discretion in determining whether there has been a material change in circumstances adversely affecting the welfare of a minor child which will authorize a change in custody. His judgment will not be reversed where it is supported by evidence. *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292); *Mallette v. Mallette,* 220 Ga. 401 (3) (139 SE2d 322); *Hilliard v. Atkinson,* 230 Ga. 872 (199 SE2d 789). The evidence in the present case of conditions detrimental to the welfare of the child in the home of the mother and her present husband authorized the judgment changing the custody.

2. It is contended that the trial judge erred, when he questioned the minor child of the parties under oath, in not allowing counsel for the appellant to cross examine the child.

In *Willingham v. Willingham,* 192 Ga. 405, 408 (15 SE2d 514), a case involving the custody of minor children, this court held that it was not error for the trial judge to examine the children out of the presence of the parties, where their counsel were present and were given the privilege of examining the children.

The record in the present case shows that the trial judge extensively examined the minor child, after administering an oath to him. The parents were excluded, but counsel for both parties were allowed to remain. At the conclusion of the judge's examination, counsel for the appellant made no request that he

be allowed to examine the child. The record, therefore, does not support the contention that counsel was not allowed to examine the child.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1974 — DECIDED FEBRUARY 18, 1974.

*Guy B. Scott, Jr.,* for appellant.
*Grant & Matthews, Truett Smith,* for appellee.