## 29761. DUNLAP v. DUNLAP.

INGRAM, Justice.

The leitmotiv of this appeal, in a divorce case from Cobb Superior Court, is whether the husband's residence was in Cobb County when this action was filed by the wife or whether the husband was a resident of Rabun County. The Georgia Constitution requires that divorce cases shall be brought in the county where the defendant resides, if a resident of this state. Code Ann. § 2-4901. We affirm the trial court's judgment.

The husband filed a plea to the jurisdiction of Cobb Superior Court contending the action should have been filed in Rabun Superior Court. He asserted the plea at the

temporary hearing in the case. The trial judge ruled that the husband's plea involved a "mixed question of law and fact and should therefore be reserved for hearing at the final trial."

Subsequently the husband filed a motion for summary judgment supported by an affidavit made by him as to his residency in Rabun County. The wife moved to dismiss the husband's motion for summary judgment on the ground that the trial court had previously ruled that the issue of the husband's residency was to be determined at the final hearing in the case. The trial court granted the wife's motion to dismiss the husband's motion for summary judgment without considering it on the merits.

Thereafter, the entire case, including the husband's plea to the jurisdiction, came on for a final trial before the court without a jury by consent of both parties. After hearing evidence, the trial court overruled the husband's plea to the jurisdiction, granted a final divorce, made provisions for permanent division of properties, custody of the minor children and ruled on other issues made by the pleadings in the case. In this appeal the husband complains that the trial court erred in reserving the question of the plea to the jurisdiction until the final trial; erred in dismissing his motion for summary judgment; and, erred in overruling his plea to the jurisdiction. *Held:*

1. The plea to the jurisdiction filed by the husband in this case was a matter in abatement and was not a proper subject for consideration by motion for summary judgment. *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459).

2. The evidence considered by the trial court on the husband's residence authorized the trial court to rule that the husband was a resident of Cobb County at the time this divorce action was filed by the wife. Hence there was no error in overruling the husband's plea to the jurisdiction of Cobb Superior Court on the ground that the husband was a resident of Rabun County. Without detailing all the evidence presented on both sides of this issue, there was evidence that the husband received mail from several sources at the Cobb County residence; that the husband never notified the Cobb County tax office of

any change in his residency from Cobb County to Rabun County; that the husband's 1973 Federal Income Tax W-2 Form showed his residence to be in Cobb County; that his life insurance premium notice showed Cobb County as his residence; that the husband signed a 1974 tag application indicating Cobb County as his residence; and, that the husband is still registered to vote in Cobb County. The husband contended, contrary to this evidence of residency in Cobb County, that he moved from Cobb County to Rabun County when the parties separated in May, 1973, and that he has resided in Rabun County since the separation and is registered to vote in that county. The residency issue was heard by the trial judge without a jury and as his conclusion is supported by evidence, it will not be disturbed on appeal. *Madison v. Montgomery,* 206 Ga. 199 (2) (56 SE2d 292).

3. The trial court did not err in dismissing the husband's motion for summary judgment without considering it on the merits for the reasons stated in Division 1. However, even if the motion had been heard and erroneously overruled on its merits, the error would be harmless under our holding in Division 2 of this syllabus opinion. Where a motion for summary judgment is overruled on an issue and the case proceeds to trial and the evidence at the trial authorizes the verdict (judgment) on that issue, any error in overruling the motion for summary judgment is harmless. *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED APRIL 29, 1975.

*Frank Sutton,* for appellant.

*McDonald & Dupree, Hylton B. Dupree, Jr.,* for appellee.