## 53971, 54037. HAGGARD v. GRAHAM; and vice versa.

WEBB, Judge.

This election contest challenges the residency qualifications of the winner of the November 2, 1976 general election for chairman of the Board of Commissioners of Roads and Revenues of Madison County.[1] We have expedited this appeal because the appellant, Sammie A. Haggard, is holding over in office by virtue of an order restraining Graham, who was elected to the position, from taking office until the matter is determined by this court.

---

[1] A previous appeal on the same grounds from the results of the Democratic primary and runoff in the same election was dismissed for mootness. *Fitzpatrick v. Graham,* 141 Ga. App. 332 (233 SE2d 284) (1977).

1. In regard to residency Haggard asserted that Graham had not lived in Madison County for the two-year period prior to his qualification and election as required both under Georgia law (Const. of 1945, Art. XI, Sec. II, Par. I (Code Ann. § 2-7901); Code Ann. § 89-101 (7)) and the local Act creating the Madison County Board of Commissioners (Ga. L. 1965, pp. 2667, 2669). He contends that the evidence presented at the bench trial established that Graham had been registered and voted in Henry County, Georgia, from 1968 until his registration was transferred to Madison County on March 9, 1976; that he had purchased his motor vehicle tags in Henry County since 1973; that he returned his personal property and mobile home for taxation in Henry County, where he and his wife had maintained a mobile home for nine years; that he listed Henry as his county and place of residence on his income tax forms; that he had a telephone listing in Henry County and none in Madison; that his mailing address on most of his business transactions was his Henry County address; and that his personalized checks drawn on a Madison County Bank bear a Henry County address.

The second ground of the contest was that Graham had not paid all his Madison County property taxes as of the date he qualified or at the dates of the primary election and run-off. However, these taxes were tendered prior to the hearing of the case.

After the hearing and issuance of its findings of fact the trial court held that Graham had met both the residency and tax requirements, and was qualified as a matter of law to be a candidate in the November 2 general election and to hold the chairmanship of the Madison County Commission. The facts as found by the court are as follows:

Talmadge Graham, now 41, was born and reared and went to school in Madison County. When he was 17 years old he worked at various times in Franklin and Elbert Counties. During such employment he lived in boarding houses and returned to his home in Madison County on weekends, where his mother and father still lived. He has never been away from home in Madison County longer than a month and a half, when he visited California.

When Graham was about 28 years old, he obtained employment in Atlanta working on I-85 from Atlanta to South Carolina. After about five years he was transferred to Griffin and for another three or four years worked on I-75. While working in Griffin he married and bought a small mobile home. His wife was working in Tucker, Georgia, and when he obtained employment in Gwinnett County he moved the mobile home to Henry County to be close to his employment, his wife's employment and to be able to return to Madison County. In 1970 he purchased a farm in Madison County and in 1972 a second piece of property adjacent thereto. Since then he and his wife have slept in Henry County part of each week and the rest of each week is spent in Madison County.

Graham receives mail, keeps food, clothing, household furnishings and tools at the Madison County home. He paid all property taxes in Madison County for which he was billed. He has received a variety of mail in Madison County for at least the last ten years, but also receives some bills, statements and business mail at the mobile home in Henry County. He maintains his checking account in a Madison County bank where he makes deposits two or three times a month and makes loans and loan payments. He buys groceries, employs labor and purchases farm supplies in Madison.

However, he gave Henry County as his address on some credit cards and his employment application as well as his driver's license and income tax returns. He had been registered to vote in Henry County since 1968 because due to his long hours of working he could not get back to Madison County in time to vote there. He voted in Henry County in 1972 and 1974 elections and transferred his registration to Madison County in 1976. It has always been his intention to be domiciled in Madison County and never anywhere else.

The court found that "although there are many circumstances indicative of residence (domicile) in other places, taken as a whole, the evidence was ample to support Mr. Graham's contention that Madison County is and always has been his domicile. . ." *Held:*

We affirm. Code Ann. § 89-101 (7) provides that "No person shall be eligible to hold any county office in any

county unless he shall have been bona fide a citizen of the county in which he shall be elected or appointed at least two years prior to his election or appointment, and is a qualified voter entitled to vote . . ." There is no question that Graham was a qualified voter entitled to vote at the time he was elected to office, so the determining issue here is whether he had been a "bona fide citizen" (or "legal resident," as required by the local Act) of Madison County for two years prior to his election.

The residency requirements here refer to domicile. *Clark v. Hammock,* 228 Ga. 157 (2(a)) (184 SE2d 581) (1971); Code Ann. § 34-103 (aa). One may, for purposes of convenience, maintain a residence at a place not intended as a permanent abode without affecting any change in legal domicile. "There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence." *Bush v. State,* 10 Ga. App. 544, 546 (73 SE 697) (1912). See also *Bass v. Bass,* 222 Ga. 378, 381 (1) (149 SE2d 818) (1966). "If a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take up an actual residence elsewhere *with the avowed intention of making a change in his domicile,* he will not be considered as having changed his domicile." *Williams v. Williams,* 226 Ga. 734 (2) (177 SE2d 481) (1970) (Emphasis supplied.)

"The question of domicile is a mixed question of law and fact and is ordinarily one for a jury [cits.], and should not be determined by the court as a matter of law except in plain and palpable cases. [Cits.]" *Campbell v. Campbell,* 231 Ga. 214 (1) (200 SE2d 899) (1973). All affirmative indicia showed Madison County to be Graham's legal residence. "Evidence of registration and titling of cars in [Henry County] is not such evidence to substantially refute the affirmative evidence of domicile." *Smiley v. Davenport,* 139 Ga. App. 753, 758 (229 SE2d 489) (1976). Since this issue was decided by the trial judge without a jury and his conclusion is supported by evidence, it will not be disturbed on appeal. *Dunlap v. Dunlap,* 234 Ga. 304, 305 (2) (215 SE2d 674) (1975). "If there is conflict in the evidence, that view of it must be taken on appeal which is most favorable to the prevailing party." *Roberts v. Farmer,* 127 Ga. App. 237 (1) (193 SE2d 216) (1972)

502

and cits.

2. The trial court did not err in denying Graham's motion for judgment on the pleadings based upon his defense of res judicata, as asserted in the cross appeal.

*Judgment affirmed. Marshall, McMurray, Smith and Banke, JJ, concur. Bell, C. J., Deen, P. J., and Shulman, J., dissent. Quillian, P. J., concurs in the result of the dissent only.*

ARGUED APRIL 7, 1977 — DECIDED APRIL 18, 1977; CASE NO. 53971 REHEARING DENIED JUNE 8, 1977 — ▮▮▮▮▮▮▮▮

*Gregory M. Perry,* for appellant.
*Tom Strickland,* for appellee.

DEEN, Presiding Judge, dissenting.

This election was held in Madison County in November, 1976. Graham had to have been domiciled in Madison for two years prior thereto to be eligible. The majority opinion correctly holds, under *Clark v. Hammock,* 228 Ga. 157 (184 SE2d 581) that the residency requirements in this eligibility statute "refer to domicile."

Then it holds that domicile is a question of intent and that there is sufficient evidence to show an intent to be domiciled in Madison County where appellee grew up, in other words, it adjudicates the evidence does not demand a finding that appellee's domicile had been changed from Madison to Henry and then moved back to Madison a few months before the election.

This ignores the fact that Graham lived outside of Madison County most of the time from age 17 to 41. For several years (1967) prior to 1976 he lived in Henry County. He has been a registered voter in Henry County from 1968 to 1976. His personal property was returned for taxation in Henry County. He showed Henry as his residence on income tax and application for motor vehicle tags which were purchased there, among other things.

While the majority opinion correctly reads "residence" to mean domicile for eligibility purposes, it

fails to read "residence" to mean domicile for voting purposes, and both statements are equally true. Herein lies the difficulty. "One must vote at the place of his domicile. He may be temporarily residing elsewhere. . . The word 'reside' [in the statute] is used in the sense of 'domicile.' Wherever the word 'reside' occurs either in the statutes or in the constitution of Georgia with respect to voting, it should be construed to mean 'domicile.' " *Avery v. Bower,* 170 Ga. 202 (2) (152 SE 239). Further, our Election Code specifies: "The word 'residence' shall mean domicile." Code § 34-103 (aa).

Thus as a matter of law Graham could only run for office in the county where he had been domiciled two years, and he could only vote in the county where he was domiciled, and the same rules apply to determine domicile in both cases. But Graham physically lived in Henry County *and also voted* in Henry County, so he was in fact *not* domiciled in Madison County for two years when he ran for office. In fact, he showed his *intention* to change domiciles when he moved his voting registration from Henry back to Madison County a few months before the election.

The majority opinion correctly points out that domicile is usually a question for the trior of fact. The exception, however, is where a finding is demanded, through circumstantial evidence or otherwise, of what that intention was. In *Smiley v. Davenport,* 139 Ga. App. 753 (229 SE2d 489), a case written by Judge Quillian in which Judge Webb participated, the quantum of evidence necessary to demand a finding of domicile in a particular political entity was discussed, and the court, reversing the trial court, held that where such finding is demanded the issue is no longer for the jury. The evidence in that case much resembles the evidence here. The court stated: "Particularly persuasive to us in the instant case was evidence of registration to vote and voting in Georgia elections. Only citizens of this state may vote in any Georgia primary or election. Code Ann. § 34-603 . . . Neither 'residence' nor 'domicile' standing alone, furnishes all the qualifications for voting, but 'one must vote at the place of his domicile' even though he be temporarily residing elsewhere. *Avery v. Bower,* 170 Ga.

202, supra. As the evidence of record demanded a finding of domicile for petitioner in Georgia at the time of the incident. . . the trial court erred in failing to dismiss. . ."

I find the difficulty with the present case to be that Graham is not eligible for election in Madison County unless his domicile was there between 1974 and 1976, and he could not vote in Henry County unless his domicile was there at the time of voting, but he was nevertheless registered to vote and did vote in Henry County between 1968 and 1976. This in addition to all his other statements made for tax and motor vehicle purposes representing his residence to be in Henry County, plus the fact that he actually *was* living in Henry County, in my opinion demands a finding that he was domiciled in Henry County from 1968 to 1976. He was therefore not qualified for office in Madison County in 1976.

I am authorized to state that Chief Judge Bell and Judge Shulman join in this dissent. Presiding Judge Quillian concurs in the result of this dissent.