38809. WESTBERRY et al. v. SAUNDERS.
38845, 38846. SAUNDERS v. WESTBERRY et al. (two cases).

SMITH, Justice.

Appellee Franklin E. Saunders was elected to the city council of St. Marys, Georgia in December. 1980. In February 1982 appellants Wyman Westberry and Raymond L. Dyals brought the petition for a writ of quo warranto which forms the basis of case no. 38809 on appeal. They alleged that Saunders held office in contravention of Ga. Code Ann. § 89-101 (4), which makes certain persons ineligible to hold "any civil office," among them "persons holding any office of profit or trust under the government of the United States . . ." The code does not define "civil office." Saunders is on regular active duty with the United States Navy and is stationed at a Navy submarine base near St. Marys. Saunders counterclaimed for damages due to being placed in a false light in the public eye and for invasion of privacy. In April 1982 an order was filed by the trial court dismissing the quo warranto petition. The court found that at all times material to the case Saunders was on active duty with the U. S. Navy and a councilman of the City of St. Marys, Georgia. The court concluded that as such, Saunders held an office of profit or trust under the government of the U. S. as defined in Code Ann. § 89-101 (4). Saunders appeals this finding in case no. 38845.

The court further concluded that a municipal office is not a "civil office" as used in Ga. Code Ann. § 89-101, following our decision in *Long v. Rose,* 132 Ga. 288 (64 SE 84) (1909). We affirm in Cases 38809 and 38846. Case 38845 is dismissed as moot.

### Case No. 38809

1. Appellants argue that the court erred in holding a municipal office not to be a civil office within the meaning of Ga. Code Ann. § 89-101 (4). They contend that the policy underlying *Long,* supra, was that mayors and councilmen were mere officers of a municipal corporation with no duties to discharge under state law. In 1982, on the other hand, it is urged that such officers have acquired

substantial duties and authority under state law. We believe that whatever, if any, state duties and authority municipal officers may have acquired since 1909 are insufficient to cause us to overturn *Long.*

The court in *Long* discussed two possible rationales for making certain persons ineligible to hold civil office. It considered first the argument that to "prevent one person from absorbing and holding more offices than one, and to prevent the evils which might accrue from professional office seeking," certain persons ought to be deemed ineligible. Second, it was observed that the purpose could be "to prevent persons who held any office or trust under other governments, and owed allegiance to them, from becoming officials of this State and thus having a divided allegiance to two masters." Examining both these arguments in light of the facts in the present case, we conclude that we should affirm.

First, Saunders holds the office of councilman in St. Marys under the laws of Georgia and the charter of St. Marys. He holds no other state, county, or municipal office. His position on the city council does not offend any policy against seeking and holding more than one civil office in this state. In *Long,* the challenged parties held office in Camden County as well as municipal positions in St. Marys, the county seat. In the present case there is an even smaller chance of an untoward concentration of power and office in one person than in *Long.* Unlike the officers in *Long,* who were appointed by the governor, Saunders was elected by the citizenry to his council position. We do not see that he embodies the evil of "professional office seeking" against which we were forewarned in *Long.*

Second, although Saunders is an enlisted member of the United States Navy (and thus owes certain duties and obligations to the Navy and ultimately the government of the United States), we do not view him as ineligible because of divided allegiance to two masters. We note that it is the public policy of this state to encourage and support citizen participation in government at all levels. "Eligibility to hold office is the general rule. Ineligibility is the exception." *Avery v. Bower,* 170 Ga. 202, 204 (152 SE 239) (1929). We hold that enlisted personnel on active duty in the U. S. Navy are not ineligible under Ga. Code Ann. § 89-101 to hold municipal office in Georgia since § 89-101 applies only to those holding or seeking to hold civil offices of a state character. Officers of municipal corporations do not hold a civil office within the meaning of § 89-101.

### Case No. 38845

2. In case no. 38845 cross-appellant Saunders enumerates as error the finding of the trial court that Saunders did in fact hold an

office of profit or trust under the government of the United States. He argues that this finding acted to deny him his right to trial by jury on the issue. This enumeration is now moot in light of our ruling in case no. 38809, supra.

### Case No. 38846

3. In case no. 38846 appellant Saunders contends that it was error to deny his motion to dismiss Westberry and Dyals' direct appeal because they failed to follow the proper procedure for a discretionary appeal. He urges that the trial court did not certify the issues as required by Ga. Code Ann. § 81A-154 when additional claims remain after the main claim is resolved. We hold that actions appealed pursuant to Ga. Code Ann. § 6-701 (a) (3) in its present form may be appealed directly to this court without regard to a pending counterclaim. No certificate of immediate review is necessary and the lack of a final judgment as to the counterclaim is no bar to this direct appeal. The issue was properly before us. Section 6-701 (a) (3) grants a privilege of direct appeal "from all judgments or orders granting or refusing to grant mandamus or other extraordinary remedy." Quo warranto is an extraordinary remedy. *Thibadeau v. Henley,* 233 Ga. 884 (213 SE2d 657) (1975). Therefore this enumeration is without merit.

*Judgment affirmed in cases 38809 and 38846. Case 38845 is dismissed. All the Justices concur. Bell, J., not participating.*

DECIDED NOVEMBER 2, 1982 —
REHEARING DENIED NOVEMBER 19, 1982.

*Randall M. Clark,* for Westberry et al.
*Eddings & Berry, Stephen L. Berry,* for Saunders.